RUFE RICE V. THE STATE.

No. 21466. Delivered March 12, 1941.
Second Motion for Rehearing Denied May 28, 1941.

The opinion states the case.

*McIntosh & Duncan,* of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

BEAUCHAMP, Judge.

Appellant was assessed a fine of $100.00 in the county court of Upshur County on a charge of violation of the liquor laws.

The transcript came to this court without any notice of appeal being entered in the minutes. We find what is certified to be a copy of the docket sheet which bears such a notation, but the same does not show to have been carried into the minutes.

On the first day of March, 1941, there was filed in the office of the clerk of this court a supplemental transcript containing a copy of judgment dated August 27, 1940, and a copy of the order overruling motion for new trial dated August 28, 1940, in which notice of appeal to this court was given. The certificate to these instruments made by the clerk of the county court was dated February 20, 1941. On the 3rd day of March, 1941, the clerk executed an affidavit and filed the same in this court in which he said that on or about the 27th day of February, 1941, he forwarded to the Court of Criminal Appeals, "What was denominated a supplemental transcript containing what purported to be an order of the county court of Upshur County, Texas, of date August 28, 1940, overruling motion for new trial and giving notice of appeal and recognizance upon appeal." The affidavit then further states, "I now certify that said orders were never recorded in the Criminal Minutes of the County Court of Upshur County, Texas, and that same were delivered to me by Counsel for the defendant on the 27th day of Feb. 1941, and who directed me to attach these by fastening them to the Criminal Minutes. I further certify that J. P. Maberry the County Judge named as having executed same went out of office December 31, 1940."

Under the facts now certified by the clerk the instruments contained in the purported supplemental transcript cannot be received and given effect as they were not properly entered of record at the time and in the manner prescribed by law. We conclude that no notice of appeal has been entered giving this court jurisdiction of the case, and accordingly the appeal is dismissed.

## ON SECOND MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed a second motion for rehearing contending that we overlooked some matters in the record in disposing of his original motion for rehearing. This has caused us to again more critically re-examine the record; and we find that the defects in the record pointed out in our original opinion have not been corrected but still exist. Therefore, the opinion on the motion for rehearing, as well as the opinion on the motion to reinstate the appeal, are withdrawn, and the original opinion dismissing the appeal is adhered to and stands as the opinion of this court, and all motions for rehearing are overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.