W. "CHECK" ELLIFF V. THE STATE.

No. 23020. Delivered January 10, 1945.

The opinion states the case.

*J. M. Parker*, of Gorman, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged with the possession of intoxicating liquor for the purpose of sale in a dry area and assessed a fine of Four Hundred Dollars.

The Sheriff of Comanche County in company with a representative of the Liquor Control Board, obtained from the Justice of Peace a search warrant for the purpose of searching the two room residence of appellant and his wife. When they reached the house no one was at home but the door was unlocked and they entered, first finding one pint of whisky and then, after the arrival of appellant's wife, they found nine pints of whisky secreted over a window. The whisky was introduced in evidence over the objection of defendant, as shown by Bill of Exception Number One. The objection was made on the ground that the affidavit for the search warrant was insufficient, that it did not

show the time of the possession of the liquor and by whom it was possessed, "and that said objection was made to all of the evidence offered on the grounds of the insufficiency of the affidavit and the search warrant, and that the evidence was illegally obtained." We do not find the affidavit for the search warrant in the record and are unable to appraise the objection so made. Furthermore, we can not say that all of the evidence objected to would be controlled by an improper affidavit because we are not able to determine just what evidence is included in that objection, nor do we know what the court's ruling would have been had the objections been made separately to each item.

The second bill of exception complains of argument of the County Attorney which, if made as stated in the bill, would appear to constitute error. However, the court qualified the bill, by saying that no such statement was made but that the attorney did say: "If the defendant did not have the whisky in his house for the purpose of sale why did he have it concealed in a place where it took the officers fifteen minutes to locate it. One who has legitimate liquor in one's house is not apt to keep it in a well concealed place." This does not constitute a reference to the failure of the party on trial to testify in his own behalf and appears to be legitimate argument based on the evidence in the record.

Finding no error, the judgment of the trial court is affirmed.