GEORGE WASHINGTON WHITSEL V. STATE

No. 29,392. January 8, 1958.

*Robert B. Billings*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *Thomas Thorpe* and *A. D. Bowie*, Assistants District Attorney, Dallas and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted under Art. 1404b, V.A.P.C., of the offense of unlawfully entering a motor vehicle with the intent to commit the crime of theft with two prior convictions of felony offenses less than capital alleged for the purpose of enhancement of the penalty and his punishment assessed at life imprisonment.

The indictment charged in substance that on or about the 17th day of February 1957 the appellant did unlawfully enter a motor vehicle occupied and controlled by William B. McKinney with the intent to then and there fraudulently take therefrom corporeal personal property belonging to the said William B. McKinney.

Briefly the state's testimony shows that the prosecuting witness, McKinney, was a traveling representative of the Donovan Manufacturing Company which manufactured women's dresses and clothing. On the evening of February 15, 1957, McKinney parked the automobile which the company furnished him on a street in the city of Dallas, locked the same, and at such time left in the automobile a large number of women's dresses and

clothing in canvas bags which were carried by him as samples. On the morning of February 17th McKinney returned to the automobile and discovered that a window had been prized open and the bags containing the samples were missing. Thereafter on February 19th, while driving in his automobile in the city of Dallas, appellant was arrested for a traffic violation and upon a search of his automobile the officers found in the trunk a canvas bag containing approximately 106 items of women's dresses and clothing which were identified as the articles of clothing missing from the McKinney automobile. The state's testimony further shows that on February 19th the appellant in conversation with Wesley Blakeley asked him if he knew where he could sell some clothing and upon being introduced to the witness Billy Ray Johnson stated to him that he wanted to sell some women's clothing and inferred that they were stolen.

Proof was made by the state of the two prior convictions as alleged for the purpose of enhancement of the punishment.

Appellant did not testify but brought out on cross-examination of Officer Jones that following appellant's arrest he told the officer that he got the articles from Billy Ray Johnson and was trying to sell them for him.

We find the evidence sufficient to support the conviction.

Appellant insists that reversible error is presented in the court's instruction in paragraph number two of the court's charge because it did not state the law applicable to the offense at the time it was alleged to have been committed.

In said paragraph the court charged the jury:

"Our statute provides that any person who shall, by breaking, enter a vehicle for the purpose of committing a *felony or misdemeanor* shall be confined in the state penitentiary for not more than three years." (Italics added.)

The statute, Article 1404b, supra, as amended Acts 1955, 54th Legislature, Ch. 71, p. 351, under which appellant was prosecuted provides:

"Any person who breaks into or enters a vehicle with the intent of committing a *felony or the crime of theft* shall be guilty of a felony and upon conviction thereof shall be confined

in the state penitentiary for a term of not more than three (3) years." (Italics added.)

Appellant contends that the court's charge constitutes reversible error because it was clearly a misstatement of the law, and authorized the jury to convict him if they found him guilty of breaking and entering the automobile for the purpose of committing any misdemeanor and did not require that they find he was intending to commit the crime of theft as provided in the statute in force at the time of the alleged offense.

It is apparent that in paragraph number two the court charged the provisions of Article 1404b, supra, as the statute existed prior to the amendment in 1955.

While the instruction was erroneous it does not require a reversal of the case.

In applying the law to the facts, the court in paragraph number four of the charge required the jury to find beyond a reasonable doubt, before convicting the appellant, that he did break and enter the motor vehicle possessed and controlled by William B. McKinney, and with the intent then and there on his part to take from the said motor vehicle corporeal personal property therein being and belonging to the said William B. McKinney.

The instruction of the court clearly required the jury to find that appellant entered the automobile with intent to commit theft before finding him guilty. Such instruction was a charge on the law as it existed at the time the offense was alleged to have been committed.

In view of such instruction the error in the court's instruction in paragraph number two of the charge was not reasonably calculated to injure the rights of appellant and under the provisions of Article 666, V.A.C.C.P., does not call for a reversal of the case. White v. State, 19 Texas App. 343; Maclin v. State, 29 Texas App. 171, 15 S.W. 600 and Keeton v. State, 59 Texas Cr. Rep. 316, 128 S.W. 404.

Appellant further insists that the court erred in refusing his requested instruction which would have instructed the jury, in substance, that if they found or had a reasonable doubt as to whether or not some person other than the appellant broke and entered into the automobile to find him not guilty. The record

reflects that such an instruction was substantially given in the court's main charge; hence no error is shown.

No reversible error appearing; the judgment of the trial court is affirmed.

Opinion approved by the Court.