JAMES H. RICHARDSON V. STATE

No. 34,316.   March 21, 1962
Motion for Rehearing Overruled May 9, 1962

*John M. Lawrence, III,* Bryan, and *Mac L. Bennett, Jr.,* Normangee, for appellant.

*Gus L. Lanier,* District Attorney, Centerville, *D. Brook Coffer,* County Attorney, Bryan, *Bryan F. Russ,* Hearne, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted in the District Court of Brazos County, after a change of venue from Leon County, for the offense of murder and his punishment assessed at confinement in the penitentiary for forty years.

The State's evidence shows that the deceased lived and worked on the farm of Elbert F. Kitchen located approximately a mile and a half east of Flynn in Leon County. On Sunday night, October 23, 1960, appellant came to Kitchen's home on the farm around 9:30 o'clock on foot and after entering said to Kitchen "Your boy's crazy", referring to the deceased. Upon inquiry by Kitchen as to what he meant, appellant replied "Well, he's shooting at me." Appellant then told Kitchen that he had been to the deceased's house, that they had an argument about a pickup and that he would have to get a Mr. Ben Lee to go to the deceased's house and get his pickup. Kitchen told appellant that he would take him to his home and that he would go after appellant's pickup. Thereupon, Kitchen took appellant to his home in Flynn and the next morning, October 24, Kitchen returned to Flynn and took appellant to his work. Kitchen returned to the farm and then went to the deceased's house around 7:30 A.M. Upon entering the house he found the dead body of the deceased lying on the bed. A pool of blood was in the yard and there was a trail of blood inside the house leading from the door to the bed. An old shot gun containing a cartridge which had been snapped was standing against a tree in the yard and inside the house was a .22 rifle by the door. Neither of the weapons appeared to have been recently fired. An autopsy performed upon the deceased revealed one bullet wound, the bullet having entered the chest,

lacerated the heart and lodged in the body. Dr. Jesse Boyd Heath, the physician who performed the autopsy, testified that the cause of death of the deceased was hemorrhage from the bullet wound. In the autopsy a .22 calibre bullet was removed from the deceased's body.

On October 24, appellant was taken to Waco around noon by Deputy Sheriff Ivan Bell and Gus Lanier, then County Attorney of Leon County, where he was questioned by Thad Johnson, interrogator for the Department of Public Safety. In the interrogation appellant told Johnson that he had shot the deceased with a .22 rifle after an argument. Appellant stated to Johnson that he shot the deceased as he was standing in front of his house and after firing the shot he threw the rifle in a stock tank nearby. It was brought out on cross-examination that appellant told Johnson in the conversation that before he shot the deceased, the deceased had fired two shots at appellant with a gun. In the conversation appellant drew a diagram on a piece of paper showing the location of the tank and where the gun would be found. County Attorney Lanier then advised Highway Patrolman Hindman by telephone of such information. Officer Hindman proceeded to the stock tank on the afternoon of October 24 where a search was made for the rifle but it was not found. The following morning, October 25, after appellant had accompanied the officers to the location of the tank, the search was continued. At such time the .22 rifle containing one fired cartridge was recovered from the tank.

Appellant did not testify but called a man and his wife who lived near the deceased who testified that on the night of the shooting they heard two gun shots which appeared to come from the direction of the deceased's home. A witness was also called who testified that on the morning after the shooting he found two empty .22 rifle cartridges in the yard at the deceased's home.

In submitting the issue of appellant's guilt to the jury, the court charged the jury on the appellant's right of self defense against real or apparent danger of death or serious bodily injury from an unlawful attack by the deceased.

By their verdict, the jury resolved the defensive issue against appellant and we find the evidence sufficient to sustain the judgment of conviction.

By Bill of Exception No. 1 appellant complains of the court's

refusal to give his requested special charge No. 1 which would have instructed the jury as follows:

"GENTLEMEN*T* OF THE JURY:

"You are further instructed that if the deceased, Clyde Watson, immediately before the homicide, shot at the defendant, James H. Richardson, with a gun, then the law presumes the deceased, Clyde Watson designed to inflict an injury upon the defendant, James H. Richardson, causing death or serious bodily injury to the said James H. Richardson."

The court, in charging the jury on appellant's right of self defense, instructed in paragraph 10 of the charge as follows:

"You are further instructed that if you believe, or have a reasonable doubt, that such deceased Clyde Watson was on the occasion in question armed with a gun, and was attempting to murder or inflict serious bodily injury upon the defendant, it will be presumed that the deceased designed to inflict such injury upon the defendant."

While neither the requested charge or the charge given by the court were complete and entirely proper charges under Art. 1223 V.A.P.C., the refusal of appellant's requested charge does not present reversible error. Whitsel v. State, 166 Texas Cr. Rep. 451, 308 S.W. 2d 499. Appellant made no objection to the instruction given by the court. Appellant's requested instruction was insufficient to point out any error therein. We find no error in the instruction given by the court that would warrant a reversal under the provisions of Art. 666, V.A.C.C.P.

Appellant complains of the court's action in permitting the Witness Thad Johnson to testify as to appellant's statements to him relative to the location of the rifle with which he shot the deceased over the objection that he was under arrest and the statement was not reduced to writing after he had been duly warned. Appellant's statement to the witness after his arrest which led to the finding of the murder weapon was admissible as an oral confession under the exception contained in Art. 727, V.A.C.C.P., Bingham v. State, 163 Texas Cr. Rep. 252, 290 S.W. 2d 915, and Edmond v. State, 336 S.W. 2d 946. We are unable to agree that because the rifle was not found until the day following appellant's statement to the witness as to where it was located and after appellant had accompanied the officers to the

scene that it was not shown to have been found as the result of such oral statement.

Appellant's remaining contention presented by Bills of Exception Nos. 2 and 3 is that counsel for the State committed reversible error in his opening argument to the jury when he stated:

"Why is it that a man claiming self defense would throw his gun in the tank. The only weapon, apparently, that he had?"

Appellant objected to such statement on the ground that it was a direct reference to his failure to testify, which objection was by the court overruled. Thereupon, appellant moved for a mistrial which was by the court denied.

In Hart v. State, 163 Texas Cr. Rep. 472, 293 S.W. 2d 659, we said "For the argument to offend against the statute, Art. 710, V.A.C.C.P., prohibiting allusion to or comment upon the failure of a defendant to testify, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the defendant's failure to testify must be a necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion thereto."

We are unable to agree that the language used by the prosecutor was a reference to appellant's failure to testify. The statement was a reasonable comment on the evidence and does not present error. Elliff v. State, 184 S.W. 2d 622.

The judgment is affirmed.

Opinion approved by the Court.