Henry Edward JAMES, Appellant,

v.

The STATE of Texas, Appellee.

No. 54020.

Court of Criminal Appeals of Texas, Panel No. 3.

March 29, 1978.

---

M. Bruce Fort, Galveston, for appellant.

Ronald L. Wilson, Dist. Atty. James F. Hury, Asst. Dist. Atty., Galveston, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for aggravated rape. The jury assessed the appellant's punishment at confinement in the Texas Department of Corrections for ninety-nine years.

The appellant contends that the trial judge abused his discretion by refusing to grant the appellant's motion to take depositions, that the prosecutor was impermissibly allowed to continue his final argument after the appellant declined to exercise his opportunity to argue, that the prosecutor failed to disclose to the appellant evidence favorable to his defense, and that the prosecutor committed reversible error in his final argument to the jury. We affirm.

The evidence reveals that on December 22, 1974, at approximately 8:00 p. m., the prosecutrix and her four-year-old daughter were driving to apartment # 9, 718 Broadway on Galveston Island where they lived. The prosecutrix parked her car in back of the apartment building and as she was getting a package out of the car she was grabbed from behind by a man. The prosecutrix screamed and the man stated, "Shut up, you bitch, or I will kill your kid." He then told her that she must put her child back in the car, lock the car, and come with him. The prosecutrix complied with the man's instructions.

The man took the prosecutrix to a small room located behind the apartment complex where she lived. He then hit her on the head with a chrome pistol, forced her to lie face down on the ground, and raped her twice. The man then left and took her purse with him. The prosecutrix testified that her high school ring was in her purse when the man took it.

On January 10, 1975, the appellant was arrested by Officers Dagg, Martinez and Mares of the Galveston Police Department. When the appellant was searched, a ring from Texas City High School with the prosecutrix's initials engraved on it was found. The appellant subsequently consented to a search of his residence and a chrome pistol was located there. Blood stains on the pistol were analyzed and they were determined to be consistent with the blood type of the prosecutrix and inconsistent with the blood type of the appellant. The appellant also gave a written confession.

The defensive evidence attempted to establish that on the night of the rape the appellant was at his wife's grandmother's house. Four witnesses testified to the appellant's alibi.

The appellant's first contention is that the trial judge erred by refusing to grant his motion to take depositions. The motion and attached affidavit were filed under the authority of Article 39.02, Vernon's Ann.C.C.P., which states:

"Depositions of witnesses may be taken by the defendant. When the defendant desires to take the deposition of a witness, he shall, by himself or counsel, file with the clerk of the court in which the case is pending an affidavit stating the facts necessary to constitute a good reason for taking the same, and an application to take the same. Provided that upon the filing of such application and, after notice to the attorney for the State,

the courts shall hear the application and determine if good reason exists for taking the deposition. Such determination shall be made based on the facts made known at the hearing and the court, in its judgment, shall grant or deny the application on such facts."

The motion and affidavit, which were filed on May 9, 1975, and heard on May 21, 1975, both stated that the appellant sought depositions from Officers Dagg and Martinez of the Galveston Police Department, former Officer Felix Mares, Michael Carnahan of the Galveston County District Attorney's Office, and three women, including the prosecutrix, who were the complainants in three cases then pending against the appellant.

The reasons advanced in the affidavit and reiterated in the motion were as follows: (1) The appellant was indicted in four cases shortly after his arrest and no examining trial was held; (2) Mares refused to discuss any of the facts of the case with the appellant's court-appointed private investigator; (3) Officers Dagg and Martinez refused to discuss any of the facts of the case with the appellant's court-appointed private investigator; (4) Mr. Carnahan would only discuss "in a very general fashion" the investigation involved until after he had talked to Assistant District Attorneys James Hury or Jack Brock; (5) the complainant in one of the related cases then pending against the appellant was in Denver, Colorado, and would not return to Texas until the end of May 1975; (6) the complainant in another related case then pending against the appellant and the complainant [i. e., the prosecutrix] in the instant case against the appellant had moved from their respective residences since the initial investigation of the cases was completed, and James Hury, Assistant District Attorney, refused to provide the appellant's court-appointed private investigator with the address of these two women. The hearing on the motion to take depositions essentially verified the foregoing. At the close of that hearing the trial judge declined "to order the deposition of these witnesses at this time."

█ It is well established that a defendant, pursuant to Article 39.02, Vernon's Ann.C.C.P., may take a deposition upon a showing of "good reason" at a hearing before the court and the court determines "good reason" exists. *James v. State,* 546 S.W.2d 306 (Tex.Cr.App.1977); *McKinney v. State,* 505 S.W.2d 536 (Tex.Cr.App.1974). The trial judge has wide discretion in such matters, *James v. State,* supra; *Beard v. State,* 481 S.W.2d 875 (Tex.Cr.App.1972); and merely because a defendant seeks the deposition of adverse witnesses is not sufficient, standing alone, to show an abuse of discretion where the trial judge has denied a defendant's motion. *Tucker v. State,* 461 S.W.2d 630 (Tex.Cr.App.1970). Moreover, before a trial judge's refusal to grant a motion for depositions will constitute an abuse of discretion, the defendant must show that he was injured by the trial judge's action. *James v. State,* supra; *Beshears v. State,* 461 S.W.2d 122 (Tex.Cr. App.1970).

█ In the present case, the appellant expressly stated that the depositions were requested because there was no examining trial prior to the return of the indictments and he was therefore precluded from discovering the testimony of those witnesses who would have testified at the examining trial.[1] We hold that these facts do not constitute "good reason" within the meaning of Article 39.02, Vernon's Ann.C.C.P. *Cf. Beard v. State,* supra. Moreover, the appellant sought the deposition of three women who were currently unavailable to the defense. The fact that these three witnesses were not available at that time does not constitute "good reason" within the meaning of Article 39.02, Vernon's Ann.C. C.P. Also, there was no allegation that any of these women refused to talk with the appellant or that depositions were otherwise necessary.

---

1. We note that there was no showing that any of the people whose deposition the appellant sought would have testified at the examining trial.

However, even if the appellant had set forth facts which constituted "good reason," the appellant has not shown that the trial judge's action was harmful to him.[2] The appellant's first contention is overruled.

The appellant's second contention is that the trial judge erred by allowing the prosecutor to continue to argue after the appellant declined argument during the punishment stage of the trial.

The record reflects that after the trial judge read the charge to the jury at the punishment stage of the trial the prosecutor addressed the jury. At the end of the prosecutor's argument, the appellant declined argument and objected to any further argument by the prosecutor. Then, outside the hearing of the jury, the prosecutor requested that he be allowed to reopen. The appellant again objected and the trial judge ultimately sustained the appellant's position.

Then, within the hearing of the jury, the following occurred:

[PROSECUTOR]: "May it please the Court, the State would ask the ability to reopen and continue with the opening argument so that it might ask the jury for a life sentence.

[DEFENSE COUNSEL]: "We object to that and request a mistrial on the basis of misconduct.

THE COURT: Overrule the objection.

[DEFENSE COUNSEL]: "Request the jury be instructed.

THE COURT: "Overrule the objection.
"Ladies and Gentlemen, I will ask you to retire to the jury room.

[DEFENSE COUNSEL]: "Am I overruled?

THE COURT: "Overruled."

The appellant contends, on appeal, that the trial judge erred by allowing the prosecutor to continue his argument and ask the jury to return a sentence of life imprisonment.

Article 36.07, Vernon's Ann.C.C.P., states: "The order of argument may be regulated by the presiding judge; but the State's counsel shall have the right to make the concluding address to the jury."

Under Article 36.07, Vernon's Ann.C.C.P., the trial judge is given the power and discretion to regulate the order of argument. In *Walker v. State,* 64 Tex.Cr.R. 70, 141 S.W. 243, 244 (1911), this Court stated: "The question of whether, when the defendant's counsel declines to address the jury, the court shall permit more than one argument to be made by state's counsel, is one of discretion in the trial court . . . ."

In the present case, the prosecutor did not ask for a specific sentence from the jury in his opening remarks to the jury. Although we do not approve of the prosecutor's improper disregard of the trial judge's ruling sustaining the appellant's objection, the trial judge would not have abused his discretion if he had permitted the prosecutor to argue to the jury after the appellant declined to argue. Therefore, we do not find that the trial judge abused his discretion in overruling the appellant's objection to the prosecutor's action. Appellant's second contention is overruled.

The appellant's third contention is that the prosecutor suppressed exculpatory evidence of a pretrial lineup. Specifically, the appellant complains that he was not apprised that the prosecutrix was unable, on *two* occasions, to identify the appellant as the man who raped her.

During the State's case in chief, the prosecutrix testified on direct examination that she could not identify her assailant. On cross-examination, the prosecutrix again

---

2. The appellant attempted to show harm by alleging that he did not know about the lineup procedure and that the prosecutrix's high school ring was found on the appellant's person when he was arrested. Both of these matters were within the appellant's personal knowledge.

Moreover, Mares, Dagg, Carnahan, and the prosecutrix testified and were cross-examined. See *Greer v. State,* 523 S.W.2d 687 (Tex.Cr. App.1975); *McKinney v. State,* 491 S.W.2d 404 (Tex.Cr.App.1973).

testified that she could not identify her assailant. She then testified that during a pretrial lineup she had identified a man other than the appellant as the rapist.

On redirect examination, the prosecutrix testified that during the lineup she realized that she had identified a man she had met prior to the lineup. She then notified the officers conducting the lineup of this fact, and the officers had the men in the lineup repeat the phrase "I will kill that kid." The prosecutrix then identified, on the basis of his voice, a second man, who was not the appellant.

On recross-examination the prosecutrix testified that she told the police that she could positively identify the second man as the man who raped her.

The appellant contends that the prosecutor suppressed the prosecutrix's second attempt to identify the appellant as her assailant and that this suppression is reversible error.

■ It is well established that the standard to be applied where the prosecutor suppresses or fails to disclose evidence is whether that evidence may have had an effect on the outcome of the trial. *Lowe v. State,* 533 S.W.2d 6 (Tex.Cr.App.1976); *Smith v. State,* 516 S.W.2d 415 (Tex.Cr.App. 1974).

■ In the present case, the prosecutrix's second misidentification was not disclosed to the defense.[3] However, the defense successfully elicited the evidence during cross-examination of the prosecutrix. Moreover, the prosecutrix admitted at trial that she could not identify the appellant as her assailant. We cannot perceive how the appellant could have utilized the nondisclosed evidence in a manner that may have had an effect on the outcome of the trial. Appellant's third contention is overruled.

The appellant's final contention is that the prosecutor committed reversible error in final argument to the jury during the guilt or innocence stage of the trial. The argument complained of is as follows:

[PROSECUTOR]: "State's Exhibit 13 [appellant's confession] is before you, stating the history, what happened to this defendant, and his time with the Galveston Police Department is before you and you must answer whether or not you believe Henry Edward James was so beaten or so abused that he said these words: 'On December 22nd I came to Galveston at 7:00 p. m. I had my chrome gun. I saw a girl in her car. She had a baby girl in her car. I told her to leave the baby in the car.'

"Ladies and Gentlemen, that one completely connects him to this crime.

"On page 3 [of the court's charge], it contains the charge in this case concerning circumstantial evidence. I submit to you, Ladies and Gentlemen, that if you believe this document then this is not a circumstantial evidence case. I believe that this document can enable you to decide—

[DEFENSE COUNSEL]: "Object to the last argument. The charge stands for itself.

THE COURT: Okay.

[PROSECUTOR]: "Your Honor, could I get credit for the time I have been arguing?

THE COURT: "Sustain the objection.

[DEFENSE COUNSEL]: "Move for mistrial.

THE COURT: Overrule the motion for mistrial. Sustain the objection to the comment on the charge.

[PROSECUTOR]: "It states here that the circumstances must lead you to a reasonable and moral certainty that the accused, and no other person, committed the offense charged.

---

**3.** The appellant filed a pretrial motion for discovery of exculpatory evidence. One of the items requested by the appellant was "[w]hether or not (sic) the complainant was able to identify any person as being the accused." This specific request, cf. *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), was denied by the trial judge. However, the defense obtained a copy of a "show-up sheet" prior to trial. That show-up sheet revealed that the prosecutrix had been unable to identify the appellant as her assailant only once; it did not reflect her second misidentification.

"Ladies and Gentlemen, if you believe this document [appellant's confession], if you believe the presence of the ring, if you believe the pistol, it takes this particular case out of your consideration, so far as this particular charge is concerned.

[DEFENSE COUNSEL]: "Again object to his reference. The charge stands for itself. I ask the jury be so instructed.

THE COURT: "Overrule the objection.

[PROSECUTOR]: "Once again, could I have credit—

THE COURT: "Go ahead. You are wasting time.

[PROSECUTOR]: "Ladies and Gentlemen, a circumstantial evidence case is that case at which time there are no direct forms of evidence linking the person who committed it with the crime committed. I submit to you that this is not the case.

[DEFENSE COUNSEL]: "Again object to this argument.

THE COURT: "Overrule the objection.

[PROSECUTOR]: "You have the ability to decide whether or not you are going to follow this particular item. You have the ability to decide whether or not you believe that the things contained in this particular charge, that are contained in this particular trial, were proved to you directly.

[DEFENSE COUNSEL]: "Again object.

THE COURT: "Overrule." [Explanation added]

Specifically, the appellant contends that the prosecutor's comments instructed the jury to disregard the trial judge's instruction on circumstantial evidence.

It is well established that a charge on circumstantial evidence is required only where the evidence of the main fact essential to guilt is purely and entirely circumstantial. *Ransonette v. State,* 550 S.W.2d 36, 42 (Tex.Cr.App.1976) (Opinion on Appellant's Motion for Rehearing). Direct evidence is that evidence which directly demonstrates the main fact to be proved. Circumstantial evidence, on the other hand, is that evidence which directly proves a secondary fact which, by logical inference, demonstrates the main fact. *Crawford v. State,* 502 S.W.2d 768 (Tex.Cr.App.1973). Normally, a defendant's confession will constitute direct evidence of the main inculpatory fact and thus obviate the necessity for a circumstantial evidence charge. *Ridyolph v. State,* 545 S.W.2d 784 (Tex.Cr.App.1977); *Hurd v. State,* 513 S.W.2d 936 (Tex.Cr.App. 1974). However, a confession must unequivocally admit the commission of the act charged before the trial judge is relieved of the necessity of giving a charge on the law of circumstantial evidence. *Ridyolph v. State,* supra; *Hielscher v. State,* 511 S.W.2d 305 (Tex.Cr.App.1974).

The appellant's confession unequivocally admitted that he raped the prosecutrix on the night in question.[4] The confession provided direct evidence of the main fact the State had to prove. A circumstantial evidence charge was not required,[5] and the prosecutor's argument, therefore, did not constitute a statement of

---

4. The appellant's confession states, in pertinent part, that:

"On Sunday, December 22, 1974, three days before Christmas, I came to Galveston in the evening. About 7:00 p. m. in the evening I was in the 700 Block of Broadway and saw a woman park her car. I had my chrome gun in my hand. She had a baby girl in the car and I told her to leave the baby in the car. I took her to my yellow and black oldsmobile Supreme. We go into my car and we had sexual intercourse. We did it both ways, that is both the normal and anal way. After we finished, I took her back to her car, she got her child out and I walked back to my car and drove off. I was driving my black and yellow Cutless Supreme 1974 PWH 406."

The factual disparity between the prosecutrix's testimony and the appellant's confession is irrelevant for purposes of this ground of error. The confession provides direct evidence of the main inculpatory fact the State had to prove.

5. Contrary to the prosecutor's argument, neither the prosecutrix's ring, which was found on the appellant when he was arrested, nor the chrome gun, which was found in the appellant's residence, provided direct evidence that the appellant committed the rape. Rather, these two items constituted circumstantial evidence from which the main fact to be proved could be inferred.

**606**

law contrary to the court's charge. *Cf. Davis v. State*, 506 S.W.2d 909 (Tex.Cr.App. 1974).

■ The trial judge also charged the jury that if they believed from the evidence, or had a reasonable doubt, that the appellant's statement was not voluntarily made, they must not consider that statement or any evidence obtained as a result of that statement for any purpose. Thus, if the jury found that the appellant's confession was not voluntary, then there would have been no direct evidence of the main fact the State had to prove and the case would have been based entirely upon circumstantial evidence. In light of this possibility, we believe that the prosecutor's argument was a proper attempt to explain the court's charge. No error is shown and the appellant's fourth contention is overruled.

The judgment is affirmed.