Larry Gene STAFFORD, Appellant,

v.

The STATE of Texas, Appellee.

Roy Gene GARDNER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 56400, 56401.

Court of Criminal Appeals of Texas,
Panel No. 2.

Nov. 22, 1978.

Rehearing Denied April 4, 1979.

Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., John H. Hagler, Joe Revesz and Jim Johnson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

ODOM, Judge.

These are appeals from convictions for the burglary of a Tom Thumb grocery store in Dallas during which a large quantity of cigarettes was taken. Appellant Stafford's punishment, enhanced by two prior convictions, was assessed at life. Appellant Gardner's punishment, enhanced by one prior conviction, was assessed at 25 years.

Appellants contend that the trial court committed error by overruling their objection to a statement made by the prosecution during final argument which they construe as a comment on appellants' failure to testify and that such error deprived them of a fair trial.[1]

1. Appellants were tried together and it is apparent from the record that the attorneys for appellants were working closely together such that the objection of Stafford's attorney to the prosecutor's statement is sufficient to preserve the error for Gardner as well.

On the morning of April 29, 1976, police officers, who knew nothing about the burglary which had occurred earlier in the morning, were stopped by a man who stated he had stayed the night at the Lawnview Motel. He reported that during the night he had observed men carrying large quantities of cigarettes into room 126. The officers went to the motel to investigate. There they came upon appellants who matched the descriptions given by the man and discovered 496 cartons of cigarettes in their room. These cigarettes were later identified as having come from the burglarized Tom Thumb store. Shortly thereafter the officers were informed of the burglary by another officer and appellants were placed under arrest.

Prosecutor's statement during closing argument to which appellants object was as follows:

"Mr. Mitchell told you in one breath that what lawyers have to say in the case is not evidence because they're not witnesses; that you must gain and gather your evidence from that witness stand. Those who raised their right hand and under penalty of oath swear to tell the truth so help you God. By way of example what witness took the stand and told you jurors those cigarettes were already in that room at three a. m., April 29th, 1976.

"MR. MITCHELL: Objection, Your Honor, that could be construed as a comment on the failure of the Defendant to testify.

"THE COURT: Overrule your objection."

■ It is well settled in this State that the failure of accused to testify on his own behalf cannot be made the subject of comment by the prosecution. Such a comment is a violation of the privilege against self-incrimination guaranteed by Article I, Sec. 10 of the Texas Constitution and the express provisions of Article 38.08, V.A.C.C.P., which provides in part that " . . . the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." See *Bird v. State,* Tex.Cr.App., 527 S.W.2d 891 and the cases cited therein. Such a comment is also a contravention of the federal constitutional guarantees against self-incrimination contained in the Fifth Amendment, made applicable to the states by the Fourteenth Amendment. *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ In order for a comment made by the prosecution to violate Article 38.08, the language used when viewed from the standpoint of the jury, must make the inference that the comment had reference to defendant's failure to testify a necessary one. "It is not sufficient that the language might be construed as an implied allusion to the accused's failure to testify." *McDaniel v. State,* Tex.Cr.App., 524 S.W.2d 68, 70.

■ The only testimony which bears directly on the question is that of the motel clerk on duty that morning. He testified that appellant Stafford had checked into room 126 at 3:00 a. m. on April 29, paying the double occupancy rate.[2] He also stated that someone had rented the room for two hours earlier in the night and that at approximately 2:30 a. m. he had gotten a call from the maid who told him the room was clean.

The comment of the prosecution in the instant case directed the jury's attention to room 126 at the Lawnview Motel at 3:00 a.m. on April 29, 1976, the time appellants checked into the motel. The question we must answer is, who could have testified as to the condition of the room at that time? Appellants certainly could have. The State contends that the comment was not necessarily directed at appellants because the

---

2. Appellant Gardner admitted he shared the room with Stafford when approached by police later in the morning.

maid, who was not called as a witness, could also have testified about the presence of cigarettes in the room at that time. The only basis for this contention was the clerk's testimony that the maid had called about 2:30 a. m. to say the room was clean. The prosecutor's argument was directed at 3:00 a. m. not 2:30. The only event before the jury occurring at 3:00 a. m. was appellant Stafford's check-in to the motel. The only persons who could have testified that there were cigarettes in the room at 3:00 a. m. were appellants. Thus, the jury's attention was forcibly directed to the fact that appellants had not testified. The prosecutor's argument, which must be construed as a comment on appellants' failure to testify, violated both their constitutional and statutory rights.

The judgments are reversed and the causes remanded.

DALLY, J., dissents.
Before the Court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

PHILLIPS, Judge.

On original submission, appellants' convictions were reversed because the prosecutor's closing argument was considered to be a direct reference to the appellants' decision not to testify at their trial. See Fifth and Fourteenth Amendments, U.S.Constitution; Article I, Section 10, Texas Constitution. The panel, with one member dissenting without a written opinion, carefully set forth this Court's standard for review in such cases, reviewed the relevant testimony and argument, and reached its decision.

The State's Motion for Rehearing was granted in order for the full Court to consider whether the original opinion remains viable when the facts set forth therein are considered in conjunction with allegedly overlooked evidence that showed the motel room to be locked. However, the evidence does not show that the motel room was locked after the maid cleaned the room at 2:30 a. m. The State relies on the motel

clerk's testimony that appellant Stafford requested a key to the room in order for him to unload some things he had. The evidence does not support the conclusion the State urges. The State argues that the evidence concerning the maid's 2:30 a. m. report that the room was clean and Stafford's request for a key shows there was "other evidence" supporting the prosecutor's complained-of argument. However, the State did not frame its argument in such terms. Its argument emphasized the lack of evidence which could only be adduced from the appellants. The request for a key evinces at most a concern for the security of Stafford's property and a desire on his part to lock what could have been an otherwise unlocked motel room. Even if the record showed the door was locked, the argument was no less direct in its reference to the failure of appellants to produce evidence peculiarly within their possession.

We therefore conclude that the original disposition of this appeal was correct and the State's Motion for Rehearing is overruled.

DALLY, Judge, dissenting.

Although I dissented on original submission without written opinion I dissented to the reversal of the judgment of Gardner because he did not object when the complained of argument was made; therefore, even if the argument did constitute error, which I believe it did not, the error was waived and not preserved. A new rule of law with which I cannot agree and for which no authority is cited is stated in footnote 1 as follows:

"Appellants were tried together and it is apparent from the record that the attorneys for appellants were working closely together such that the objection of Stafford's attorney to the prosecutor's statement is sufficient to preserve the error for Gardner as well."

I dissented to the reversal of the judgments of both Stafford and Gardner because the prosecutor's argument did not constitute error.

It has been said many times that:

"The rule is well established by this Court that before an argument of the prosecution will constitute a comment on the failure of the appellant to testify, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the appellant must be a necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion."

*Edmond v. State,* 566 S.W.2d 609 (Tex.Cr. App.1978); *Nowlin v. State,* 507 S.W.2d 534 (Tex.Cr.App.1974); *Turner v. State,* 504 S.W.2d 843 (Tex.Cr.App.1974); *Armstrong v. State,* 502 S.W.2d 731 (Tex.Cr.App.1973); *Ramos v. State,* 419 S.W.2d 359 (Tex.Cr. App.1967); *Richardson v. State,* 172 Tex. Cr.R. 299, 356 S.W.2d 676 (1962).

The prosecutor's statement of which complaint is made and to which Stafford's attorney objected as as follows:

"Mr. Mitchell told you in one breath that what lawyers have to say in the case is not evidence because they are not witnesses; that you must gain and gather your evidence from the witness stand. Those who raised their right hand and under penalty of oath swear to tell the truth so help you God. By way of example, what witness took the stand and told you jurors those cigarettes were already in that room at 3:00 a. m. April 29, 1962?

"MR. MITCHELL: Objection, Your Honor, that could be construed as a comment on the failure of the defendant to testify.

"THE COURT: Overrule your objection."

In his objection Stafford's attorney said that the argument *could be* construed to be comment on the failure of the defendant to testify. This was an accurate statement. The argument could have but did not necessarily refer to the appellant Stafford's failure to testify nor did it necessarily refer to the appellant Gardner's failure to testify.

A maid cleaned the room at approximately 2:30 a. m. The appellants checked into the room at 3:00 a. m.

"It is often stated as a settled rule of evidence that where a person, object, relation or state of things is proved to have existed at a particular time, its continuance is presumed until the contrary is shown. This so-called presumption has been applied to a great variety of subjects including: Ownership, possession and value of property, sanity and insanity of a person, continuance of human life, continuance of partnership, incompetency of a witness, retention of an existing domicile, continuance of illicit intercourse, continuance of marriage, continuance of rules of law and equity once existing in a foreign jurisdiction, and many others." (Footnotes omitted.) McCormick and Ray, Evidence, Sec. 81 (2d ed. 1956).

See also *Bell v. State,* 142 Tex.Cr.R. 106, 161 S.W.2d 109 (1942); *Cook v. State,* 96 Tex.Cr.R. 586, 258 S.W. 1058 (Tex.Cr.App. 1924); *Walker v. State,* 64 Tex.Cr.R. 70, 141 S.W. 243 (1911).

The maid was not called as a witness to testify whether or not there were any cigarettes in the room at 2:30 a. m. In view of the above presumption, her testimony as to whether or not there were cigarettes in the room when she left it would have given rise to a presumption of the continuity of the existing state of things and would have had probative value. The prosecutor's argument can well be construed as a reference to the failure to obtain the testimony of the maid rather than a reference to the failure of the appellants to testify.

I dissent to the overruling of the State's motion for rehearing.

ONION, P. J., and DOUGLAS, W. C. DAVIS, JJ., join in this dissent.