NO.
12-05-00367-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

ANTHONY LYNN JOHNSON,       §          APPEAL
FROM THE 145TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          NACOGDOCHES
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Anthony Lynn
Johnson appeals his convictions for aggravated sexual assault of a child and
indecency with a child, for which he was sentenced to fifty years for each
conviction.  In one issue, Appellant argues
that the prosecuting attorney engaged in improper jury argument.  We affirm.

 

Background

            Appellant
was charged by indictment with one count of aggravated sexual assault of a
child and one count of indecency with a child. 
Appellant pleaded “not guilty,” and the matter proceeded to jury
trial.  Following the presentation of
evidence, both parties rested and commenced their respective  jury arguments.

            During
the State’s jury argument, the prosecuting attorney stated as follows:

 

But,
let me tell you something else about P.J. 
She’s the bravest person in this courtroom.  She’s braver than you and me.  She’s braver than this defendant.  She’s braver than any of these people out
here because this young lady had the nerve to get on this stand and tell what
happened to her.            

 








Appellant’s trial counsel objected
that the prosecuting attorney was commenting on Appellant’s failure to
testify.  The trial court overruled the
objection.  Nonetheless, the prosecuting
attorney addressed the objection stating, “Don’t get me wrong.  I’m not talking about the defendant, because
you’re instructed in this Charge that he has an absolute right not to testify,
end of story.  You can’t even consider
that.”

            Ultimately,
the jury found Appellant guilty as charged on both counts.  Following a trial on punishment, the trial
court sentenced Appellant to imprisonment for fifty years for each
offense.  This appeal followed.

Comment on
Failure to Testify

            In
his sole issue, Appellant contends that the trial court erred in overruling his
objection to the prosecuting attorney’s jury argument which, according to
Appellant, amounted to an impermissible comment on Appellant’s failure to
testify.  There are four permissible
areas of jury argument:  (1) summation of
the evidence, (2) reasonable deduction from the evidence, (3) answers to
argument of opposing counsel, and (4) pleas for law enforcement.  Willis v. State, 785 S.W.2d
378, 384 (Tex. Crim. App. 1989).  If an
accused does not testify on his own behalf, the fact cannot be made the subject
of comment by the prosecution.  Stafford
v. State, 578 S.W.2d 394, 395 (Tex. Crim. App. 1978).  A comment on an accused’s failure to testify
violates the accused’s state and federal constitutional privileges against self
incrimination.  Bustamante v. State,
48 S.W.3d 761, 764 (Tex. Crim. App. 2001). 
Such a comment also runs afoul of Texas Code of Criminal Procedure,
article 38.08, which prohibits the State from alluding to or commenting on an
accused’s failure to testify.  Roberson
v. State, 100 S.W.3d 36, 40–41 (Tex. App.–Waco 2002, pet. ref’d).

            To
violate the right against self incrimination, the offending language must be
viewed from the jury’s standpoint, and the implication that the comment
referred to the defendant’s failure to testify must be clear.  Id. at 41 (citing Bustamante,
48 S.W.3d at 765).  It is not sufficient
that the language might be construed as an implied or indirect allusion.  Id.  The test is whether the language used was
manifestly intended or was of such a character that the jury would necessarily
and naturally take it as a comment on the defendant’s failure to testify.  Id.  In applying this standard, the context in
which the comment was made must be analyzed to determine whether the language
used was of such character.

Harm Analyisis

            Assuming
arguendo that the trial court erroneously overruled Appellant’s objection, such
error is subject to harm analysis.  See
Roberson, 100 S.W.3d at 43–44 (because improper comment on failure
to testify impacts defendant’s Fifth Amendment right to remain silent, such
error is one of constitutional magnitude). 
Texas Rule of Appellate Procedure 44.2(a) provides as follows:

 

If the appellate
record in a criminal case reveals constitutional error that is subject to
harmless error review, the court of appeals must reverse a judgment of
conviction or punishment unless the court determines beyond a reasonable doubt
that the error did not contribute to the conviction or punishment.  

 

Tex. R. App.
P. 44.2(a).  In examining the record to assess harm, we
consider (1) the source and nature of the error, (2) the extent to which the
State emphasized the error, (3) the probable collateral implications of the
error, (4) the weight a juror would probably place upon it, giving
consideration to whether the record contains overwhelming evidence supporting
the finding in question, and (5) whether declaring the error harmless would
encourage the State to repeat it with impunity. 
See Roberson, 100 S.W.3d at 44.

            In
the case at hand, the State was the source of the alleged error because the
prosecutor chose to elaborate on her statement that P.J. was more brave than
Appellant, among other persons she noted, because P.J. had the nerve to take
the witness stand and tell what happened to her.  The nature of the statement was direct in
that it was arguably of such character that the jury would necessarily take it
to be a comment on the Appellant’s failure to testify.  See Cook v. State, 702 S.W.2d
597, 599 (Tex. Crim. App. 1984).[1] 
Although the State argues that the statement was made in response to
Appellant’s closing argument,[2] we do not agree that Appellant’s jury
argument raised a question as to P.J.’s level of bravery.  The State did make a response to Appellant’s
argument to the jury to give Appellant the same consideration as its own male
family members.  However, such a response
can be differentiated from the statement at issue, which the prosecuting
attorney initiated by saying, “[L]et me tell you something else about P.J.”  From our review of Appellant’s argument in
its entirety, we cannot locate any assertion by Appellant that P.J. is not
brave by comparison to Appellant or any other statement that might invite such
a response.

            Turning
our analysis to the second factor, we note that the prosecuting attorney did
not emphasize the error.  To the
contrary, even though the trial court overruled Appellant’s objection, the
prosecuting attorney stated to the jury as follows:  “Don’t get me wrong.  I’m not talking about the defendant, because
you’re instructed in this Charge that he has an absolute right not to testify,
end of story.  You can’t even consider
that.”  Thereafter, the prosecuting
attorney continued to argue concerning P.J.’s level of bravery emphasizing
instances where she told various people, including the jury, what had happened
to her.

            We
next consider the probable collateral implications of the prosecuting attorney’s
comment.  The comment was made in the
context of an argument that P.J. was a brave person and that her level of
courage for taking the stand to tell her story was greater than Appellant’s and
others.’  Since Appellant did not
testify, the possible collateral implication is that Appellant was a coward for
his failure to testify.  Yet, even
following Appellant’s objection, the prosecuting attorney continued on the
topic of P.J.’s bravery.  Thus, any
negative implication that Appellant was a coward for his failure to testify was
not probable given the prosecuting attorney’s continued emphasis concerning
P.J.’s level of courage.

            We
next examine the weight the jury likely placed on the comment bearing in mind
the strength of the State’s case against Appellant, i.e., whether the State
presented overwhelming evidence supporting the verdict.  The evidence reflects the commission of two
egregious crimes.  P.J., the victim,
testified concerning two incidents involving Appellant.  The first instance P.J. related involved
Appellant rubbing her vagina as he helped her take a bath.  The second instance involved Appellant
removing P.J.’s pants and underwear and inserting his finger in her vagina,
telling her, “[T]his is how it would feel.” 
P.J.’s testimony was bolstered by the testimony offered by her therapist,
Theresa Fusaro, to whom P.J. made an outcry statement.  Testimony offered by P.J.’s mother and
grandmother also offer some support of 
P.J.’s account of the acts perpetrated against her by Appellant.  Conversely, P.J. admitted that she had
exaggerated certain facts that occurred subsequent to the second act she
alleged Appellant committed against her so her problems with Appellant would “get
taken care of faster.”  But P.J. further
asserted that her statements concerning what Appellant had done to her were
true. 

            We
finally consider whether declaring the error harmless would encourage the State
to repeat it with impunity.  The record
indicates that even after the trial court had overruled Appellant’s objection,
the prosecuting attorney not only retreated from the statement by refocusing
her argument on P.J.’s bravery, but also personally admonished the jury that
they could not consider that fact even though the trial court had overruled
Appellant’s objection.

            In
sum, although the State was the source of this alleged error, it sought to
deemphasize its statement by focusing on P.J.’s level of bravery.  Furthermore, the prosecuting attorney even
chose to admonish the jury that it could not consider that Appellant had not
testified.  A potential negative
implication that Appellant was a coward for his failure to testify was not
probable given the prosecuting attorney’s continued emphasis concerning P.J.’s
level of courage.  The evidence
supporting Appellant’s convictions was very strong and largely unimpeached.  No controverting evidence was put on in
Appellant’s defense.  We are confident
that a juror would not have placed any conceivable weight on the prosecuting
attorney’s statement in light of the circumstances at hand and considering the
evidence presented supporting Appellant’s convictions.  Finally, we cannot conclude that our holding
that such error, if any, is harmless would encourage the State to repeat it
with impunity.  Our analysis of the above
factors is specific to the facts of the instant case.  We emphasize that under a different set of
circumstances, such assumed error, might not be harmless.  Considering the aforementioned factors in
light of the record in the instant case, we hold that the error of which
Appellant complains, if any existed, was harmless.  Appellant’s sole issue is overruled.

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment. 

 

                                                                                                     BRIAN HOYLE    

                                                                                                              Justice

Opinion
delivered October 25, 2006.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

(DO NOT PUBLISH)











[1]
An indirect comment on the accused’s failure to testify often arises in a
scenario where the prosecuting attorney calls for the denial of an assertion of
fact or for contradicting evidence that only the defendant is in a position to
offer.  See, e.g., Henson v. State,
683 S.W.2d 702, 704–05 (Tex. Crim. App. 1984).





[2] Specifically,
the State argues that the statement in question was a response to the following
portion of Appellant’s jury argument:

 

Y’all
have my client, Mr. Anthony Johnson’s life, in your hands.  I would ask you to do this for me.  Y’all all have male family members, whether
it [sic] a boy, a son, a grandson.  I ask
you to give this man the same consideration that you would expect another jury
in another place to give to one of your loved ones if they were charged with
this same offense.