Leonard LAVINE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0392–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 18, 1982.

Rick Brass, Houston, for appellant.

Marqua McGull-Billingsley, Houston, for appellee.

Before WARREN, PRICE and DUGGAN, JJ.

DUGGAN, Justice.

This is an appeal from a jury conviction for aggravated assault; punishment was assessed by the court at seven years con-finement in the Texas Department of Corrections. Appellant presents one ground of error, alleging denial of effective assistance of counsel because of his trial attorney's failure to object to improper questions propounded by the prosecutor before the jury. Due to the limited nature of the appeal, a discussion of the facts of the case is not necessary.

 At trial, appellant voluntarily took the stand to testify in his own behalf. His trial counsel had earlier examined appellant outside the presence of the jury, and made it clear in the record that appellant desired to testify, as shown by the following:

BY MR. HAZZARD:

&ast; &ast; &ast; &ast; &ast; &ast;

Q. We talked at great length about whether or not you should take the witness stand?

A. Yes.

Q. Have you given it a lot of thought?

A. I have.

Q. What do you want to do?

A. Take the witness stand.

&ast; &ast; &ast; &ast; &ast; &ast;

Q. Have I discussed with you the law of you being an ex-con and having a weapon: yes or no?

A. Yes.

&ast; &ast; &ast; &ast; &ast; &ast;

Q. And that is your testimony that you want to get on the stand and tell the truth as you know it, is that what you want to do? The jury is not here.

&ast; &ast; &ast; &ast; &ast; &ast;

A. Can I be convicted of a felony on this?

Q. There is a chance of it, yes.

A. I still want to tell the truth.

Thus it was clearly established that the appellant desired to testify in his defense and "tell the truth" of the matter before the jury. He now urges that he was denied effective assistance of counsel because of his attorney's failure to object to the following during cross-examination:

Q. [Prosecution]: Mr. Lavine, have you ever been convicted of a felony or misdemeanor in the last ten years?

A. I have.

Q. Would you tell the jury what it is?

A. Assault.

Q. Was this assault with a deadly weapon?

A. It was my fist is [sic] weapons, yes.

In response to further questions by the prosecution, the appellant then testified as to numerous other assault convictions in another state, as well as to several traffic ticket matters, all without objection by his counsel as to improper impeachment. He now asserts that he was "forced" to reveal his past convictions before the jury. It is undisputed that proper impeachment should have been limited to questions about prior convictions for felony offenses or for misdemeanors involving moral turpitude occurring within the past ten years. *Ochoa v. State*, 481 S.W.2d 847 (Tex.Cr.App.1972); *Valdez v. State*, 450 S.W.2d 624 (Tex.Cr. App.1970).

Appellant argues that reasonably effective counsel should know the proper form of impeachment, and what portions, if any, of his client's past record can be brought before the jury. There is nothing in the record to suggest that his trial counsel was unaware of the law. To the contrary, trial counsel's failure to object under the circumstances could be seen as a matter of tactics and strategy in presenting the appellant as a truthful person who did not wish to hide facts from the jury.

The complainant, who was appellant's former girl-friend, and three other eyewitnesses had testified for the State. Their account presented a plausible version of the facts showing appellant's guilt of an apparently vengeful and unprovoked shooting of the complainant. Appellant's own testimony was the only potential evidence available in his behalf. The reasonable trial strategy apparently adopted by defense counsel, with appellant's approval impliedly shown of record, was that of attempting to persuade the jury of the appellant's absolute candor, as illustrated by his admission of his prior criminal conduct. To have interposed even a valid objection to the prosecutor's questions about his previous convictions, albeit improper impeachment evidence in retrospect, would have negated appellant's intended posture of total truthfulness.

Appellant's possible exposure to harm from this tactic, and from the evidence here objected to, was minimal, and the tactic may have been of some benefit in establishing his credibility. Appellant had elected before trial to have the court assess punishment in the event of a finding of guilt by the jury. Accordingly, the jury could consider appellant's testimony and thereafter either (1) doubt the State's impressive case against him, and acquit him; or (2) doubt appellant and convict him, as they most assuredly would have done without persuasive testimony from him.

In the event of a punishment hearing, the court would have available to it the identical evidence questioned here since Art. 37.-07, V.A.C.C.P., allows admission of "prior criminal record" (including *all* convictions) at the punishment hearing. Appellant's counsel could have thus reasonably believed that he was pursuing a "no-risk" strategy.

In any event, we fail to find any reversible harm to appellant by such actions. See *Gonzales v. State*, 626 S.W.2d 888 (Tex.App. —San Antonio, 1981, not yet reported). Isolated events of failure to object to incompetent evidence are ordinarily insufficient to prove ineffective assistance of counsel. *Taylor v. State*, 610 S.W.2d 471 (Tex.Cr.App.1981). The prior convictions were not utilized nor urged for enhancement purposes. *Ex Parte Scott*, 581 S.W.2d 181 (Tex.Cr.App.1979).

■ Appellant was entitled to reasonably effective counsel and a fair trial, not perfect counsel or an error-free trial. *Ex Parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App. 1980); *Hurley v. State*, 606 S.W.2d 887 (Tex.Cr.App.1980). The record is void of any evidence that trial counsel was unaware of the applicable law of evidence, and as a whole, does show that appellant

received reasonably effective representation below.

The judgment is affirmed.