**Juan Luis CRUZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–85–00382–CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 12, 1987.

William D. Arnold, San Antonio, for appellant.

Carlos H. Barrera, Asst. Dist. Atty., Laredo, for appellee.

Before CADENA, C.J., and CANTU and REEVES, JJ.

OPINION

REEVES, Justice.

A jury found Juan Cruz guilty of sexual assault and assessed him twenty (20) years' confinement in the Texas Department of Corrections. He complains that: (1) he should have been allowed to depose the victim of the crime, (2) the trial court should not have allowed the victim and Cruz's stepdaughter to testify about extraneous offenses of sexual misconduct by Cruz, and (3) the evidence was insufficient to support the conviction. We reverse and remand.

THE DEPOSITION

■ Cruz wanted to take the deposition of his minor daughter, who was the victim of the crime. TEX.CODE CRIM.PROC. ANN. art. 39.02 addresses depositions for the defendant. The trial court has wide discretion in granting or denying the application for deposition. *James v. State*, 546 S.W.2d 306, 309 (Tex.Crim.App.1977). Indeed, under the facts in this case, we think it useful to quote from Judge Onion's commentary to article 39.02. He wrote:

> Article 39.02 was rewritten in part ... to make it absolutely clear to all concerned, particularly the appellate court, that the trial court has wide discretion in either granting or denying an application for deposition. It was feared that if this was not done most trial judges would grant every such application for fear that a time-consuming, expensive trial would be reversed merely because he had refused one such application. It was further feared that the deposition practice by the defendant might be otherwise

abused, particularly in sex offenses where the complaining witness is of tender age.

Under article 39.02, the defendant who desires to take a witness' deposition must file an application and an affidavit stating facts constituting good reason for taking the deposition. Cruz's application to take the victim's deposition cited as good cause "absolute refusal to allow defendant's counsel to talk to communicate with or learn the whereabouts of the witness...." Two affidavits were filed in support of the application. The first was by Cruz's attorney, who merely parroted the application by stating that the assistant district attorney refused to allow him to talk to the victim or learn her whereabouts. The second was by Cruz, who merely stated that he was the defendant, had read the application and swore that the allegations contained therein were true and correct.

At a pretrial hearing, Cruz's trial counsel[1] argued the following as good reason:

> Judge, the cause or reason, I think, would be that the victim has changed her story on various occasions. We feel that even if she wanted to change her story at this time, the State would not allow her to withdraw, and if she is being coerced and forced to go forward, to go forward in this matter, for that reason we would like to have the chance to talk to her.

Counsel's unsworn statement to the trial court is not evidence. Consequently, there was no evidence save the affidavits. The burden is on the defendant to show good reason why the court should allow the deposition. *James*, 546 S.W.2d at 309. The court's determination must be based on the facts made known to it at the hearing on application to take the deposition. TEX. CODE CRIM.PROC.ANN. art. 39.02. We find that the reason given by Cruz was not sufficient to establish good reason.

Appellant's first point of error is overruled.

## SUFFICIENCY OF THE EVIDENCE

■ Appellant also complains that there was insufficient evidence to support his conviction. When the sufficiency of the evidence is questioned, this Court, after reviewing all the evidence in the light most favorable to the prosecution, must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *McGoldrick v. State*, 682 S.W.2d 573, 577 (Tex.Crim.App.1985).

The victim testified that on the night of December 21, 1984, the defendant entered the bedroom where she was sleeping, awakened her and took her into the living room. There he removed her clothes and his and had sexual intercourse with her. While her testimony was specific and explicit about various sexual acts committed by the defendant against her, it will suffice to say that the State produced all the evidence necessary to establish the elements of the crime.

The victim also testified that the morning after the assault she went to stay with her grandmother (Cruz's mother), and that on that same day she informed her grandmother of the attack. She stated that she also informed her aunt (Cruz's sister-in-law) on January 1, 1985. The aunt confirmed that on January 1, 1985, the victim informed her that she had been sexually abused.

In response to the victim's testimony, the defense called the victim's grandmother, who testified that the victim never told her that she (the victim) was being sexually assaulted by Cruz. The grandmother also testified that the victim stayed at her house from December 17, 1984 through the rest of, and shortly after, the holidays. This directly conflicts with the victim's testimony that she was at her parent's house on the night of the assault, December 21, 1984.

Cruz took the stand and testified that the victim went to her grandmother's house on December 17, 1984 and stayed through the holidays. That on December 21, 1984, she was at her grandmother's house. An acquaintance of Cruz testified that on the

1. Cruz's appeal counsel was not his trial counsel.

night of the assault, Cruz was working with him until 1:00 a.m. The victim's stepmother testified that the victim never told her about being sexually assaulted. The victim's stepsister testified that she had never been attacked by Cruz.

A statement was signed by the victim indicating that her story about the assault was false. The statement was signed in Cruz's attorney's office five months after the assault occurred. When asked by the State about this statement, the victim testified that she signed it because her life had been threatened by a friend of Cruz and because her aunt told her it would be the best thing to do. The aunt and Cruz's friend denied this at trial.

In this web of inconsistencies and contradictions, it was for the jury to determine who was telling the truth. Viewing the evidence in the light most favorable to the prosecution, we find that the victim's testimony was sufficient. TEX.CODE CRIM. PROC.ANN. art. 38.07; *Alonzo v. State,* 575 S.W.2d 547 (Tex.Crim.App.1979).

### EVIDENCE OF
### EXTRANEOUS OFFENSES

Cruz's stepdaughter was called by the State as a rebuttal witness. She testified about two instances where Cruz allegedly attempted to molest her. The State contends that evidence of extraneous offenses committed by Cruz against his stepdaughter were admissible for three reasons. First, to show that it was probable that he committed the offense for which he was charged; second, to demonstrate his unnatural attention, desire and attitude toward the victim; and third, to show a continuing course of conduct.

■ Recently, our Court of Criminal Appeals extensively discussed the admissibility of extraneous offenses committed by a defendant against third parties. *Boutwell v. State,* 719 S.W.2d 164 (Tex.Crim.App. 1985). The Court made it clear that it is inappropriate to admit evidence of extraneous sex offenses committed by the defendant against a third party to show "probability" and "unnatural attention." *Boutwell,* 719 S.W.2d at 179.

■ This leaves us with the State's contention that the evidence was admissible to show a continuing course of conduct on the part of the defendant. This argument is similar, if not identical, to the State's argument in *Boutwell,* wherein the State argued that evidence of extraneous offenses committed by the defendant against a third party were admissible "to show that the offense was part of the continuing scheme and design on the part of the appellant." *Boutwell,* 719 S.W.2d at 173–174. This was the third of three arguments submitted by the State to support the admission of extraneous offenses committed by the defendant against third parties. While the court in *Boutwell* did not specifically discuss this part of the State's argument, it overruled the State's argument in its entirety. Furthermore, the Court stated that:

> ... The extraneous acts between appellant and [third parties] does not help prove appellant committed the charged offenses except under a propensity rationale, for which they are not admissible.

*Boutwell,* 719 S.W.2d at 180. In the instant case, evidence of extraneous acts by the appellant against third parties does not help prove the appellant committed the charged offense except under a propensity rationale. Consequently, the trial court erred in admitting such evidence.

■ The trial court also erred in admitting the testimony by the victim concerning other extraneous offenses. Even in cases such as this, where there is a familial relationship, evidence of an extraneous sex act between the complainant and the defendant is not admissible until the defendant denies the act or the relationship or undermines the credibility of the complainant in some fashion. *Boutwell v. State,* 719 S.W.2d 164, 178 (Tex.Crim.App.1985). If the defendant does so, then the State may use such evidence to shore up some part its case, and the prejudice which may result from such evidence is not greater than that need to use it, *i.e.,* evidence of the extraneous act is usually more probative than prejudicial. *Id.*

Extraneous acts constituting offenses shown to have been committed by the accused may become admissible upon a showing by the prosecution that the transaction is relevant to a material issue in the case and that the value of the evidence outweighs its inflamatory or prejudicial potential. *Williams v. State*, 662 S.W.2d 344, 346 (Tex.Crim.App.1983). During the State's case in chief, the victim testified, on direct examination, about extraneous sexual offenses allegedly committed against her by Cruz. At that point in the trial, Cruz had neither denied the act or relationship nor undermined the credibility of the complainant. Thus, that part of the complainant's testimony was inadmissible and the trial court erred in admitting it over objection.

Appellant's second point of error is sustained.

Having sustained this point and finding reversible error, we need not address appellant's complaints that the stepdaughter should not have been called since she violated the rule and since she was not listed as a State's witness, and that the trial court should have granted appellant's motion for mistrial because a juror's notes were consulted during jury deliberations. The case is reversed and remanded for a new trial.