IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-317-CR




JEFFREY LEO LEGGETT,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




NO. 3-91-318-CR




JEFF LEGGETT,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT



NOS. CR91-0122-B & 12,072-B, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING



 




 Appellant Jeffrey Leo Leggett appeals his two convictions for aggravated sexual
abuse and his three convictions for indecency by contact with a child which arose out of a ten-count indictment (cause number 3-91-317CR). After finding the appellant guilty, the jury assessed
punishment at ninety-nine years' imprisonment and a fine of ten thousand dollars in each of the
aggravated sexual abuse cases, and twenty years' imprisonment and a fine of ten thousand dollars
in each of the indecency by contact cases. In 1981, appellant had pleaded guilty to a charge of
sexual abuse of a child in cause number 12,072-B and was placed on probation for ten years. The
hearing on the motion to revoke was "carried along" with the trial in cause number CR91-0112-B
which resulted in the above-mentioned convictions. Appellant's probation was revoked and his
punishment was assessed at ten years' imprisonment. Appellant also appeals the revocation of his
probation (cause number 3-91-318CR). These causes are consolidated for the purposes of appeal.

 In both appeals, appellant advances the same nine points of error. Eight of the
points of error contend for various reasons that appellant was deprived of the effective assistance
of counsel. In his ninth point of error, appellant urges that the trial court erred in granting a
motion to appoint a special prosecutor. First, we shall consider his claims that he was denied the
effective assistance of counsel in violation of the federal and state constitutions. See U.S. Const.
Amends. VI, XIV; Tex. Const. art. I, § 10. 

 A defendant in a Texas criminal case is entitled to reasonably effective assistance
of counsel. Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986), cert. denied, 480
U.S. 940 (1987). In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme
Court held that in order to show ineffective assistance of counsel, a convicted defendant must (1)
demonstrate that his trial counsel's performance was deficient, in that counsel made such serious
errors he was not functioning effectively as counsel; and (2) show that the deficient performance
prejudiced the defense to such a degree that the defendant was deprived of a fair trial. In this
connection, a strong presumption exists that counsel rendered adequate assistance and made all
significant decisions in the exercise of reasonable professional judgment. Id. at 689. "Prejudice,"
however, is demonstrated when the convicted defendant shows "a reasonable probability that but
for counsel's unprofessional errors, the result of the proceedings would have been different." Id.
at 694. A reasonable probability is a probability sufficient to undermine the confidence in the
outcome. Id.; Ex parte Guzmon, 730 S.W.2d 724, 733 (Tex. Crim. App. 1987).

 The Strickland standard has been adopted in Texas for resolving allegations of
ineffective assistance of counsel under both the federal and state constitutions. Hernandez v.
State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); see also Washington v. State, 771 S.W.2d
537, 545 (Tex. Crim. App.), cert. denied, 492 U.S. 912 (1989); Holland v. State, 761 S.W.2d
307, 314 (Tex. Crim. App. 1988), cert. denied, 489 U.S. 1091 (1989).

 However, at the penalty stage of a bifurcated non-capital case, a different standard
applies for resolving allegations of ineffective assistance of counsel. Ex parte Cruz, 739 S.W.2d
53, 59 (Tex. Crim. App. 1987) held that the second prong of the Strickland test does not apply
to the punishment stage of a non-capital felony trial and that the standard to be applied is that set
forth in Ex parte Duffy, 607 S.W.2d 507, 514 n.14 (Tex. Crim. App. 1980) ("counsel reasonably
likely to render and rendering effective assistance"). See also Craig v. State, 825 S.W.2d 128,
130 (Tex. Crim. App. 1992); Ex parte Walker, 794 S.W.2d 36, 37 (Tex. Crim. App. 1990); Ex
parte Walker, 777 S.W.2d 427, 431 (Tex. Crim. App. 1989). (1)

 Whether the Strickland or the Duffy standard has been met is to be judged by the
"totality of the representation" rather than by isolated acts or omissions of trial counsel, and the
tests or standards are to be applied at the time of the trial, not through hindsight. Ex parte
Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990); Cruz, 739 S.W.2d at 58; Wilkerson, 726
S.W.2d at 548.

 Other considerations apply to both standards. The burden of proving ineffective
assistance of counsel by a preponderance of evidence rests upon the convicted defendant. Moore
v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). Allegations of ineffective assistance will
be sustained only if they are firmly founded. Smith v. State, 676 S.W.2d 379, 385 (Tex. Crim.
App. 1984), cert. denied, 471 U.S. 1061 (1985). The particular facts and circumstances of each
case must be considered in any claim of ineffective assistance. Johnson v. State, 691 S.W.2d 619,
626 (Tex. Crim. App. 1984), cert. denied, 474 U.S. 865 (1985). Neither the Strickland nor Duffy
standards have been interpreted to mean that an accused is entitled to errorless or perfect counsel. 
Bridge v. State, 726 S.W.2d 558, 571 (Tex. Crim. App. 1986); Mercado v. State, 615 S.W.2d
225, 228 (Tex. Crim. App. 1981). The fact that another attorney might have pursued a different
course of action at trial will not support a finding of ineffectiveness. Hawkins v. State, 660
S.W.2d 65, 75 (Tex. Crim. App. 1983); Banks v. State, 819 S.W.2d 676, 681 (Tex. App.--San
Antonio 1991, pet. ref'd).

 With this background, we shall consider appellant's claims of ineffective assistance
of counsel to which the Strickland standard applies.

 In point of error four, appellant claims a denial of effective assistance of counsel
in that his trial counsel did not object to the testimony of Betsy Thornton "as bolstering." Betsy
Thornton, "a psychological associate and a licensed professional counselor," testified as a State's
expert witness on the dynamics of child abuse scenarios. Mrs. Thornton related that among
sexually abused children twenty-two percent recant their earlier statements concerning abuse, but
ninety-six percent later make statements consistent with their original claims of abuse. There was
no objection to Mrs. Thornton's testimony.

 Now on appeal, appellant claims that trial counsel was ineffective because he did
not object to Mrs. Thornton's testimony on the basis of "bolstering." He argues that three of the
four complaining witnesses were shown to have recanted their earlier sexual abuse statements
before testifying consistently at trial in accordance with their first statements. Thus, appellant
claims that counsel should have objected to Mrs. Thornton's testimony as "bolstering" since her
testimony was presented after that of the complaining witnesses.

 "Bolstering" occurs when an item of evidence is improperly used by a party to add
credence or weight to some earlier unimpeached evidence offered by the same party. Guerra v.
State, 771 S.W.2d 453, 474 (Tex. Crim. App. 1988), cert. denied, 492 U.S. 925 (1989);
Anderson v. State, 717 S.W.2d 622, 630 (Tex. Crim. App. 1986); Pless v. State, 576 S.W.2d 83,
84 (Tex. Crim. App. 1978).

 In the instant case, three of the four complaining witnesses admitted both on direct
and cross-examination that they had recanted their earlier statements, but they were reconfirming
their earlier claims. The witnesses were clearly impeached by a showing that they had made
statements inconsistent with their trial testimony. "Bolstering" concerns earlier unimpeached
testimony offered by the same party. Thus, counsel was not ineffective for failing to object to
Mrs. Thornton's testimony on the basis of bolstering. Moreover, in Cohn v. State, 849 S.W.2d
817, 819-21 (Tex. Crim. App. 1993), the court held that expert testimony concerning behavioral
characteristics typically exhibited by child victims of sexual abuse and describing behavior
observed in complaining witnesses was relevant and admissible evidence despite a timely objection
of "bolstering" even where the complaining witnesses had not been impeached. (2) To the extent
of any conflict, Duckett v. State, 797 S.W.2d 906 (Tex. Crim. App. 1990), was overruled. Cohn,
849 S.W.2d at 819. Point of error four is overruled.

 Point of error five contends that appellant was denied the effective assistance of
counsel because his trial counsel failed to object to Dr. Jerry Thornton's testimony about
appellant's admission against interest because the admission was made during custodial
interrogation in violation of article 38.22 of the Texas Code of Criminal Procedure. Tex. Code
Crim. Proc. Ann. art. 38.22 (West 1979 & Supp. 1993).

 At the guilt/innocence stage of the trial, the State called as a witness Dr. Jerry
Thornton, (3) a psychologist in private practice, who had previously taught at Angelo State
University. Thornton stated that he received a telephone call from appellant, whom he knew, and
that he agreed to give appellant an appointment on December 19, 1990, for the purpose of taking
a plethysmography examination. When appellant arrived for the appointment, he was in the
custody of a deputy sheriff, who remained outside Thornton's office. Appellant advised Thornton
of the pending charges. When Dr. Thornton learned from appellant that appellant had not
informed his attorney about the request for an examination, Thornton advised appellant to consult
his attorney first because the information from the examination could not be held in confidence. 
It was decided that no examination would be undertaken at that time. 

 Appellant then asked if he "could buy" Dr. Thornton's time. Before any
discussion, Thornton warned appellant that any information imparted could not be considered
confidential. Thornton then revealed that appellant stated that he knew he was guilty, that he
knew he would serve time and that his reason for being there was "to get his head straight" so that
when he was released from prison, he would not engage in such behavior. Appellant's counsel,
early on, objected to Thornton's testimony on the basis of hearsay. The objection was overruled. 
Now, appellant contends that counsel should have objected on the basis that the admission was
obtained as a result of custodial interrogation. See Tex. Code Crim. Proc. Ann. art. 38.22, § 3
(West Supp. 1993).

 The United States Supreme Court defines custodial interrogation as "questioning
initiated by law enforcement officers after a person has been taken into custody or otherwise
deprived of his freedom of action significant way." Miranda v. Arizona, 384 U.S. 436, 444
(1966); see also Cannon v. State, 691 S.W.2d 664, 671 (Tex. Crim. App. 1985), cert. denied,
474 U.S. 1110 (1986). While non-law enforcement personnel may engage in custodial
interrogation, Cates v. State, 776 S.W.2d 170, 174 (Tex. Crim. App. 1989); McCrory v. State,
643 S.W.2d 725, 733-34 (Tex. Crim. App. 1982), Dr. Thornton, in the instant case, was not
acting as an agent of law enforcement or pursuant to police practices. Cantu v. State, 817 S.W.2d
74, 77 (Tex. Crim. App. 1991); see also State v. Hernandez, 842 S.W.2d 306, 315 n.6 (Tex.
App.--San Antonio 1992, pet. ref'd). The voluntary, oral statement was made to a private
psychologist with whom appellant had arranged an interview. The statement was not the product
of interrogation but a volunteered statement as to the purpose of appellant's visit. Miranda has
no application to volunteered statements. Miranda, 384 U.S. at 478; Walker v. State, 470 S.W.2d
669, 671 (Tex. Crim. App. 1971). Neither Miranda nor article 38.22 render appellant's statement
inadmissible. See Phillips v. State, 639 S.W.2d 501, 504 (Tex. App.--Fort Worth 1982), pet.
ref'd, 651 S.W.2d 745 (Tex. Crim. App. 1983). Counsel cannot be faulted for failing to object
on the basis now urged on appeal. Point of error five is overruled.

 In point of error six, appellant complains that his trial counsel failed to object to
the prosecutor's jury argument at the guilt/innocence stage of the trial when the prosecutor
referred to appellant as a "sexual pervert." He contends this deprived him of the effective
assistance of counsel. Summation of the evidence and reasonable deductions are within the realm
of proper jury argument. Borjan v. State, 787 S.W.2d 53, 55 (Tex. Crim. App. 1990). The
testimony of the four complaining witnesses and other circumstances supported the reference in
the context in which the argument was made. Moreover, counsel later testified that he did not
object as a matter of trial strategy because any objection would have served only to emphasize the
comment. Courts will not review trial strategy unless the action or omission had no plausible
basis. Ex parte Ewing, 570 S.W.2d 941, 945 (Tex. Crim. App. 1978). An isolated failure to
object does not necessarily constitute ineffective assistance of counsel. Ingham v. State, 679
S.W.2d 503, 509 (Tex. Crim. App. 1984). Point of error six is overruled.

 Point of error seven urges that appellant was denied effective assistance of counsel
when appellant was transferred to the Runnels County Jail for the month immediately preceding
trial, and by having his telephone calls limited to trial counsel.

 Runnels and Tom Green counties are both in the 119th Judicial District. At a
pretrial hearing, the trial court explained to appellant the reasons for the transfer to Ballinger,
forty miles from San Angelo. The trial court informed appellant there was an overcrowding in
the Tom Green County Jail, that a State's witness was being bench-warranted from prison to
testify against appellant, and that the court wanted to avoid any difficulty in jail. Appellant was
also told the restriction on telephone calls was due to the telephone "set-up" in Runnels County
where the county had to pay for every outgoing collect call made from the jail. Appellant
indicated at the time that he understood the trial court's reasons for the transfer and made no
further complaint. Appellant does not even now challenge the trial court's authority to make the
transfer.

 At the hearing on the motion for new trial, trial counsel testified that he did not ask
for a hearing on the transfer order because he did not want to develop any evidence that the State
could use against appellant. He did ask for the transfer to be made to the Eldorado jail, but that
request was denied. Counsel testified that he made three or four trips to the Runnels County Jail
to see appellant and was in telephone contact with him during the period in question.

 Appellant argues that he was transferred because he had had telephone contact with
the complaining witnesses while in the Tom Green County Jail. The fact of telephone contact
with the complaining witnesses was established during trial. At the hearing on the motion for new
trial, appellant testified that he had been unable to help himself because the Runnels County Jail
had no law library, and that he had been unable to contact by telephone an Abilene lawyer he
wanted to retain. Allegations of ineffective assistance of counsel will be sustained only if they are
firmly founded. Smith, 676 S.W.2d at 385. The particular facts of each case must be considered
in assaying any claim that counsel was ineffective. Johnson, 691 S.W.2d at 626. Appellant has
cited no authorities to support the contention he advances in point of error seven. He merely
quotes parts of the record and makes claims, and has waived the point. See Tex. R. App. P.
74(f). The point is overruled. Not every restriction on counsel's time, opportunity to investigate
and to consult with his client, or otherwise to prepare for trial violates a defendant's Sixth
Amendment right to counsel. Morris v. Slappy, 461 U.S. 1, 11 (1983).

 Point of error eight raises the contention that appellant was denied the effective
assistance of counsel by the failure of his trial counsel to present evidence on the motion to take
the depositions of three named complaining witnesses, F , H , and P . See
Tex. Code Crim. Proc. Ann. art. 39.02 (West 1979). The basis for the motion was that the
witnesses had recanted their earlier statements to the police. At a hearing on the motion, the trial
court stated in a colloquy that if there were inconsistent statements by the youthful witnesses, as
apparently acknowledged, the depositions would serve little purpose. The trial court then
suggested to appellant's counsel that he would do well to talk to the individuals to whom the
recanting statements were made. Appellant's counsel offered reasons for taking the depositions,
but offered no evidence. The motion was overruled. No objection was made to the trial court's
ruling though such determination should be "based on the facts made known at the hearing." Id.

 Under the statute, a defendant may take a deposition upon first showing "good
reason" at a hearing before the trial court. James v. State, 563 S.W.2d 599, 602 (Tex. Crim.
App. 1978). The trial court has wide discretion in either granting or denying applications to take
depositions. Id. And without evidence, there is no error in denying an application or motion to
take a deposition. See Cantu v. State, 737 S.W.2d 74, 75-76 (Tex. App.--San Antonio 1987, no
pet.). Though appellant now complains of counsel's failure to offer evidence, he does not state
what evidence should have been offered to show "good reason" for taking the depositions.

 The record shows that trial counsel was present when H and P made
their recanting statements to the assistant district attorney and an attorney for the co-defendant. 
A sworn recanting statement was taken from F in trial counsel's office. In addition,
counsel obtained photocopies of portions of the statements the complaining witnesses had made
to the police, and he took voluminous notes during his pretrial examination of the State's file. 
During the trial on the merits, the complaining witnesses were thoroughly cross-examined and
freely admitted the recanting statements thereby impeaching themselves. Under these
circumstances, the denial of the motion to take depositions was not prejudicial, even if the trial
court heard no evidence. See McKinney v. State, 491 S.W.2d 404, 407 (Tex. Crim. App. 1973). 
Appellant does not, however, allege trial court error, but ineffective assistance of counsel. As
noted, claims of deprivation of the effective assistance of counsel must be firmly founded. Smith,
676 S.W.2d at 385. An accused is not entitled to errorless or perfect counsel. Bridge, 726
S.W.2d at 571. We cannot say from the "totality of the representation" that the isolated omission
or failure to offer evidence at the hearing on the motion to take depositions rendered counsel
ineffective. Point of error eight is overruled.

 In points of error four through eight, we find that appellant failed to sustain his
burden of proof and failed to meet the two-prong test of Strickland. We turn now to the
allegations of ineffective assistance of counsel at the penalty stage of the trial to which the Duffy
standard is applicable.

 Point of error one presents the most difficult question in the array of ineffective
assistance of counsel claims. Appellant argues that his trial counsel was ineffective at the penalty
stage of the trial when he failed to object to the introduction of State's exhibit number sixty-three,
an extra-judicial confession or statement which had been used as part of the stipulation of evidence
some ten years earlier in cause number 12,072-B. Appellant contends that the introduction of his
earlier statement injected into the instant case five unadjudicated extraneous offenses which were
not admissible. On March 24, 1981, appellant entered a guilty plea in cause number 12,072-B
to the fourth count of a six-count indictment charging in each count the sexual abuse of a different
child. Appellant was placed on probation in said cause, the revocation of which is now on appeal. 
In presenting evidence to support the guilty plea in cause number 12,072-B, the prosecutor offered
a stipulation of evidence, which included appellant's statement to the police. See Tex. Code
Crim. Proc. Ann. art. 1.15 (West Supp. 1993). The statement contained a short, concise
admission of the act or acts committed upon the complaining witnesses named in each count of
the indictment. While appellant concedes the judgment of probation was admissible against him
at his May 1991 trial, he contends that the statement contained references to five cases that
remained unadjudicated and that his counsel defaulted when he failed to object to the introduction
of State's exhibit number sixty-three.

 It is apparently appellant's contention that his trial counsel's omission did not meet
the Duffy standard. At the time of the punishment phase of appellant's trial on May 24, 1991,
article 37.07, section 3(a) of the Texas Code of Criminal Procedure as amended in 1989 (4) had been
interpreted by several courts of appeals as permitting the admission of unadjudicated extraneous
offenses as relevant to the issue of punishment. (5) It was not until Grunsfeld v. State, 813 S.W.2d
158 (Tex. App.--Dallas June 4, 1991), aff'd, 843 S.W.2d 521 (Tex. Crim. App. 1992) that any
split of authority among the courts of appeals appeared. At the time of the complained-of act of
counsel, the 1989 version of article 37.07, section 3(a) was in place and case law appeared to
authorize the admission of unadjudicated extraneous offenses at the penalty stage of the trial.

 In the instant case, prior to the penalty stage of the trial, the prosecutor indicated
that she intended to offer the confession from the earlier case. Appellant's trial counsel timely
objected. The prosecutor then noted that she had the "live victim witnesses from that case"
available to testify as to all the details, and that she was offering the earlier statement as "a less
prejudicial and intrusive piece of evidence" as to the unadjudicated extraneous offenses. The trial
court overruled appellant's objection and stated that if counsel wanted to preserve the question for
review he should object again in the presence of the jury. (6) Thereafter, there was an unrecorded
bench conference. When the written statement was offered by the State in the presence of the
jury, appellant's counsel stated: "No objection, your Honor," thereby waiving any error.

 The State made references in its jury arguments to the exhibit which was in
evidence. Appellant's trial counsel then told the jurors to read appellant's statement because it
would show them "a side of him [appellant] that you have not seen before now." This defensive
argument obviously made reference to the statement's revelation about appellant's sexual
encounters at ages four and fifteen indicating sexual abuse of appellant. There is reason to believe
that counsel, knowing the exhibit would be admitted into evidence, decided as a matter of strategy
to use it insofar as possible for appellant's benefit on the issue of punishment.

 Here, counsel timely objected to the statement despite the fact that the statute and
the case law extant at the time appeared to be against his position. He had no crystal ball into
which to gaze. The State threatened to use live victim testimony to give details of the
unadjudicated offenses if counsel persisted in his objection to the written statement. The trial
court then overruled the objection and an unrecorded bench conference occurred. At the time,
counsel was aware that seven counts of the instant ten-count indictment involving four different
victims had been read to the jury, that the jurors had returned their verdicts at the guilty stage of
the trial, and that any objection in the presence of the jury to the statement would give the jury
the impression that appellant had something to hide, see Lavine v. State, 630 S.W.2d 863, 864-65
(Tex. App.--Houston [1st Dist. 1982], no pet.), and would have also resulted in the State calling
five live victim witnesses, some of whom counsel knew were present. (7) It appears that the
statement was clearly less prejudicial than the live testimony would have been, and that counsel
made the tactical choice not to object and to use the statement's references to early sexual
encounters to appellant's benefit on the punishment issue.

 Under the so-called Duffy standard, applicable in Texas before Duffy or Strickland,
trial strategy is not to be reviewed if the record demonstrates that counsel's actions have any
plausible basis. See Ewing, 570 S.W.2d at 945. We cannot say that there was no plausible basis
for the actions of appellant's trial counsel. See Solis v. State, 792 S.W.2d 95, 100 (Tex. Crim.
App. 1990); Johnson v. State, 614 S.W.2d 148, 152 (Tex. Crim. App. 1981).

 Reviewing the entire record, see Walker, 777 S.W.2d at 431, and keeping in mind
the totality of the representation, we conclude that appellant has failed to meet his burden under
the Duffy standard to show that he failed to receive the effective assistance of counsel. See Alfano
v. State, 780 S.W.2d 494, 496 (Tex. App.--Corpus Christi 1989, no pet.). Again, constitutional
right to counsel does not mean errorless or perfect counsel. Mercado, 615 S.W.2d at 228; Benoit
v. State, 561 S.W.2d 810, 818 (Tex. Crim. App. 1977).

 Appellant also complains that counsel was ineffective because he did not object to
the admission of the unadjudicated extraneous offenses on the basis that they were "over two years
old." The offenses were not offered for the purpose of impeachment. Appellant has not briefed
this contention nor does he cite any authorities. See Tex. R. App. P. 74(f). Nothing is presented
for review. See Kelly v. State, 817 S.W.2d 168, 173-74 (Tex. App.--Austin 1991, pet. ref'd). 
Moreover, we do not find under the record presented that counsel was ineffective for failing to
object on the basis now urged on appeal. Cf. Barnett v. State, 847 S.W.2d 678, 679-80 (Tex.
App.--Texarkana 1993, no pet. hist.). Point of error one is overruled. (8)

 In point of error two, appellant complains that his trial counsel failed to object to
the prosecutor's jury argument pertaining to the five unadjudicated extraneous offenses contained
in the exhibits referred to in the first point of error.

 At the penalty stage of the trial, the prosecutor did indeed make reference in
argument to the five unadjudicated offenses. This evidence had been admitted by the trial court
and was a proper subject for the prosecutor to argue. Whiting v. State, 797 S.W.2d 45, 48 (Tex.
Crim. App. 1990); Borjan, 787 S.W.2d at 55; Alejandro v. State, 493 S.W.2d 230, 231 (Tex.
Crim. App. 1973). Appellant's trial counsel cannot be faulted for failure to object to the
prosecutor's proper summation of the evidence and the reasonable deductions drawn therefrom. 
Point of error two is overruled. Appellant has failed to sustain his burden under the Duffy
standard.

 In his third point of error, appellant contends that he was denied the effective
assistance of counsel by trial counsel's failure to present any evidence or witnesses at the penalty
stage of the trial. Appellant asserts that his trial counsel did not call him, his parents, Helen
Chambless or James Bunyard as witnesses at the penalty stage of the trial. Appellant does not
present any argument or cite any authorities to support his claim. See Tex. R. App. P. 74(f). It
would appear nothing is presented for review.

 Trial counsel is not ineffective for failing to call witnesses at either stage of a
bifurcated criminal trial absent a showing that the witnesses were available or that the defendant
would have benefitted from their testimony. King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App.
1983); Haang v. State, 825 S.W.2d 729, 732 (Tex. App.--Houston [14th Dist.] 1992, pet. ref'd);
Kizzie v. State, 788 S.W.2d 413, 416 (Tex. App.--Houston [1st Dist.] 1990, pet. ref'd).

 Appellant merely asserts in his brief that he "did not take the stand." He has not
established that he was kept off the witness stand by his counsel's actions. Appellant does not tell
us the nature of the testimony he would have given or how it would have benefitted him. If
counsel did advise appellant not to testify, it would, under the circumstances, have been a
plausible trial strategy and not ineffective assistance of counsel. See Lucious v. State, 828 S.W.2d
118, 123 (Tex. App.--Houston [14th Dist.] 1992, no pet.).

 The hearing on the new trial motion revealed that appellant's father was not called
as a witness at his own request and with appellant's agreement. Appellant testified that he did not
want his parents to testify if they did not desire to do so, and he did not think their testimony
would have benefitted him. Trial counsel testified that appellant did not give him a list of
witnesses to be called at the punishment hearing. Counsel did not consider appellant's mother or
Helen Chambless to be good witnesses on the issue of punishment. Accordingly, he did not call
them. Appellant's mother had been excused from the Rule and had been present in the courtroom
during the guilt/innocence stage of the trial. Counsel was afraid that Chambless, a non-fact
witness, would tell the jurors that they had convicted an innocent man and that appellant was
being railroaded just as he had been previously. Chambless' testimony at the hearing on the
motion for new trial tends to support trial counsel's concerns. No error occurs when trial counsel
declines to call witnesses who, in his judgment, are at least as dangerous as potentially helpful. 
See Johnson v. Texas, 750 F. Supp. 236, 238 (S.D. Tex. 1990). Counsel was not informed of
Bunyard's availability or of the testimony he was expected to give. The failure to call Bunyard
was not ineffective assistance of counsel. Cf. Drew v. Collins, 964 F.2d 411, 422 (5th Cir.
1992). Bunyard was a non-fact witness. He testified that if he had been called, he would have
stated that his business relationship with appellant had been excellent, that he considered appellant
to be honest, and he did not believe appellant was guilty although he knew appellant was on
probation for the same type of offense. Bunyard acknowledged that he did not inform counsel of
his availability as a witness.

 Courts will not use hindsight to review a tactical decision made by trial counsel
unless it falls below the standard of reasonableness. Solis, 792 S.W.2d at 100. Even failure to
present mitigating evidence, if based on an informed and reasoned practical judgment, is well
within the practical choices not to be "second-guessed." Wilkerson v. Collins, 950 F.2d 1054,
1065 (5th Cir. 1992).

 Appellant also generally asserts that trial counsel failed to present any evidence at
the punishment hearing. He does not call our attention to what evidence could have been
presented. Judge Teague in Hernandez v. State, 726 S.W.2d 53, 77 (Tex. Crim. App. 1986),
(Teague, J. concurring in part, dissenting in part) points out some of the dangers and
disadvantages of presenting defensive evidence at the punishment hearing including "the danger
of aggravating what was already a bad situation." An attorney must appraise a case and do the
best he can with the facts with which he is presented. Rockwood v. State, 524 S.W.2d 292, 293-94 (Tex. Crim. App. 1975). The third point of error is overruled. Appellant has not sustained
his burden under the Duffy standard.

 Point of error nine alleges that the trial court erred in improperly granting a motion
to appoint a special prosecutor. Tex. Code Crim. Proc. Ann. art. 2.07(a) (West 1979). Appellant
argues that the motion did not reflect that the district attorney was disqualified to act in the case,
or that he would be absent from the district, or unable to perform his duties or that there was no
attorney to represent the State, as required by article 2.07(a).

 The State relies upon section (b-1) of article 2.07 which provides: "An attorney
for the state who is not disqualified to act may request the court to permit him to recuse himself
in a case for good cause and upon approval by the court is disqualified." The motion requested
the appointment of Charlotte Harris, former first assistant district attorney, as special prosecutor.
Harris had previously spent a "great number" of hours in the investigation of the charges against
appellant. The request was based on a desire to avoid duplication of effort and to have a
consistent prosecution of the case. The motion was granted by the trial court without objection. 
Appellant raises the matter for the first time on appeal. We find no merit to appellant's contention
of trial court error. Point of error nine is overruled.

 As noted earlier, appellant appeals the revocation of probation granted in cause no.
12,072-B and advances the same points of error discussed above. Appellate review of an order
revoking probation is limited to a determination whether the trial court abused its discretion. 
McDonald v. State, 608 S.W.2d 192, 199 (Tex. Crim. App. 1980). In revoking probation based
on the State's third amended motion to revoke, the trial court found as "true" twelve of the
nineteen alleged grounds for revocation. The trial court found that appellant had committed seven
specific criminal offenses in violation of his probationary condition not to violate the penal laws
of this state. The trial court also found five violations of the probationary condition that the
appellant not have contact with a male under the age of eighteen years except under certain
conditions. The sufficiency of the evidence is not challenged. One sufficient ground for
revocation will support a court's order to revoke probation. Moore v. State, 605 S.W.2d 924,
926 (Tex. Crim. App. 1980). To obtain a reversal of an order revoking probation, each ground
relied upon for revocation must be challenged. Grim v. State, 656 S.W.2d 542, 543 (Tex.
App.--Corpus Christi 1983, no pet.). This, appellant has not done. The points of error shared in
common with the appeal from appellant's other convictions were not drafted, briefed or argued
with regard to the abuse of discretion standard in revoking probation. We find no basis for setting
aside the order revoking probation.

 Appellant has filed a pro se appellate brief urging seventeen points of error. 
Appellant is not entitled to hybrid representation and the claims in the pro se brief are not
normally addressed. Miniel v. State, 831 S.W.2d 310, 313 n.1 (Tex. Crim. App. 1992);
Scarbrough v. State, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989). We note that some of the pro
se points of error overlap the points of error presented by appellant's counsel. Others were not
preserved for review, and still others appear to be without merit. We will not address claims not
already discussed.

 The judgments of conviction for aggravated sexual assault, the judgments of
conviction for indecency with a child by contact, and the order revoking probation are all
affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, Kidd and Onion*

Affirmed on Both Causes

Filed: November 3, 1993

Do Not Publish













* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   Interestingly enough, the Court of Criminal Appeals recently held that the Strickland
two-prong standard applied to both stages of a capital murder case. Black v. State, 816 S.W.2d
350, 356 (Tex. Crim. App. 1991).
2.   The concurring opinion of three judges in Cohn, 849 S.W.2d at 821-22, expressed the
view that a "bolstering" objection is no longer adequate to preserve error for review concerning
the admission of evidence as such ground did not survive the adoption of the Texas Rules of
Criminal Evidence.
3.   Dr. Thornton was the husband of the witness, Betsy Thornton.
4.   Act of May 28, 1989, 71st Leg., R.S., ch. 785, § 4.04, 1989 Tex. Gen. Laws 3471, 3492
(Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a), since amended). Section 3(a) in effect at the
time of appellant's trial read in part:


Sec. 3. Evidence of prior criminal record in all criminal cases after a finding
of guilty.


(a) Regardless of the plea and whether the punishment be assessed by the
judge or the jury, evidence may, as permitted by the Rules of Evidence,
be offered by the state and the defendant as to any matter the court deems
relevant to sentencing, including the prior criminal record of the
defendant, his genera reputation and his character. The term prior
criminal record means a final conviction in a court of record, or a
probated or suspended sentence that has occurred prior to trial, or any
final conviction material to the offense charged.
5.   See Huggins v. State, 795 S.W.2d 909, 910-11 (Tex. App.--Beaumont Sept. 5, 1990, pet.
ref'd); see also the later cases of Gallardo v. State, 809 S.W.2d 540, 541-43 (Tex. App.--San
Antonio April 3, 1991, pet. granted, judgm't vacated, 849 S.W.2d 825 (Tex. Crim. App. 1993);
Hubbard v. State, 809 S.W.2d 316, 319-20 (Tex. App.--Fort Worth May 7, 1991, pet. granted,
still pending on Grunsfeld and jury note taking grounds for review). McMillan v. State, 779
S.W.2d 311, 313-14 (Tex. App.--Houston [14th Dist.] 1990, pet. granted), judgm't vacated, 844
S.W.2d 749 (Tex. Crim. App. 1993). The petitions for discretionary review were granted in
Gullardo and Hubbard after the date of appellant's trial.
6.   But see Tex. R. App. P. 52(b).
7.   One such witness testified as a character witness for the State but he did not give details
of any offense committed against him. Another had testified at the guilt/innocence stage of
the trial but not about the facts of any extraneous offense.
8.   If error had been found, appellant would have been entitled only to a new hearing on
punishment. Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 1993). At any new
punishment hearing evidence permitted by article 37.07, § 3 of the Texas Code of Criminal
Procedure may be permitted. Id. The 1993 amendment to article 37.07, § 3(a) would be
applicable to any new hearing. See Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 5.05, 1993
Tex. Gen. Law 3762, effective Sept. 1, 1993. This procedural amendment was enacted after the
Grunsfeld decision by the Court of Criminal Appeals (843 S.W.2d 158) and was in response
thereto. Grunsfeld held that the unadjudicated extraneous offenses admitted in the case were
inadmissible under the 1989 version of section 3(a) of article 37.07. Thus, in any new penalty
hearing, the admission of unadjudicated extraneous offenses would be governed by the 1993
amendment to article 37.03(a).