TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00172-CR







Herbert Erevia Varela, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8249, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of two counts of aggravated sexual assault of a child and
assessed punishment for each at imprisonment for ninety-nine years. Act of May 26, 1987, 70th Leg.,
R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg., 2d C.S.,
ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended). The jury also
found appellant guilty of one count of indecency with a child, for which it assessed punishment at
imprisonment for twenty years. Act of May 29, 1987, 70th Leg., R.S., ch. 1028, § 1, 1987 Tex. Gen.
Laws 3474 (Tex. Penal Code Ann. § 21.11, since amended). 

 By two points of error, appellant contends the evidence is legally and factually insufficient
to prove that he penetrated the complainant's sexual organ with his penis, as alleged in the first count of the
indictment. In determining the legal sufficiency of the evidence to support a criminal conviction, the question
is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614
S.W.2d 155 (Tex. Crim. App. 1981). When conducting a factual sufficiency review, we do not view the
evidence in the light most favorable to the verdict. Instead, we consider all the evidence equally, including
the testimony of defense witnesses and the existence of alternative hypotheses. Orona v. State, 836
S.W.2d 319 (Tex. App.--Austin 1992, no pet.). We will set aside a verdict for factual insufficiency only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis
v. State 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.--Austin 1992, pet. ref'd as untimely filed).

 The complainant, appellant's daughter, testified that appellant "touched me in my privates"
on two occasions and that this hurt. Asked if appellant touched her "on top of your privates" or "inside your
privates," the complainant answered, "On top." 

 The complainant was examined by Dr. Beth Nauert, a pediatrician with expertise in child
sexual abuse cases. Nauert testified that the complainant told her that appellant "would touch me
everywhere" and that appellant "put his hands and fingers inside and outside her vagina and rectal areas." 
Nauert also testified, "I asked her if he had put his wiener on her vagina and she told me no." Nauert
described the complainant's hymen as "very irregular or wavy" with "two obvious clefts or breaks." Nauert
was of the opinion that the complainant's sexual organ had been penetrated.

 Rebecca Redwood, a psychotherapist, interviewed the complainant three times. The
complainant told her that appellant "touched me down there and pointed to her vaginal area." Cecil
Reynolds, a psychologist who interviewed the complainant at the request of the district attorney, testified
that she told him that appellant "got his wiener out and he made me touch it." The complainant said that
"it was soft and mushy at first but it changed. It got bigger and harder." According to Reynolds, the
complainant denied any penetration or genital-to-genital contact.

 The complainant received regular counseling and therapy from another psychologist, Julia
Hickman. At the time of trial, this therapy had been going on for eighteen months. Hickman testified that
"wiener" was the complainant's word for penis. Hickman was told by the complainant that appellant
"touched her private with his hand and wiener," that "he stuck both inside her," that "he made her touch
him," and that this happened twice.

 Appellant testified in his own behalf and denied the accusations against him. He recalled
one incident when he awoke to find the complainant in bed with him, touching his penis outside his
underwear with her hand.

 Appellant concedes the evidence is sufficient to prove he penetrated the complainant with
his finger (count two) and that he caused the complainant to touch his penis (count three). He contends,
however, that the evidence does not support the jury's finding that he penetrated the complainant with his
penis (count one). Appellant points out that the complainant testified only that appellant touched her "on
top" of her privates and that, with one exception, the complainant's description of these incidents to the
other witnesses did not include any reference to penile penetration. The complainant's statement to
Hickman that appellant "stuck both [his hand and his penis] inside her" is the only evidence to support the
finding that appellant penetrated the complainant with his penis.

 The jury is the exclusive judge of the credibility of the witnesses and the weight to be given
their testimony, and may accept or reject all or any part of the evidence. Miller v. State, 909 S.W.2d 586,
593 (Tex. App.--Austin 1995, no pet.). Under Jackson, we view the evidence in the light most favorable
to the verdict and must assume that the jury believed Hickman's testimony. Her testimony is sufficient to
prove beyond a reasonable doubt that appellant penetrated the complainant's sexual organ with his penis. 
Point of error three is overruled.

 The complainant was eight years old when the offenses occurred and twelve at the time of
trial. Her reluctance to describe her experiences in detail to strangers is understandable and, according to
expert testimony in this cause, typical of a child who has been sexually abused. We do not consider the
other evidence to be so contrary to or inconsistent with Hickman's testimony as to make the jury's verdict
on count one clearly wrong or unjust. Point of error four is overruled.

 Louise Castillo, the complainant's cousin, was the State's outcry witness. See Tex. Code
Crim. Proc. Ann. art. 38.072 (West Supp. 1996). Castillo testified that while living with the complainant's
family in 1992, she saw the complainant place a stuffed bear "between her legs and rub it up and down on
her private parts." Castillo testified, "I had asked her why she rubbed herself with the animals and she said
she didn't know." Castillo then asked the complainant, "[W]ho did that to you and she said my dad did." 
About one month later, Castillo had the complainant repeat this statement to her mother.

 Appellant contends Castillo's outcry testimony was inadmissible because the evidence did
not establish that Castillo was the first adult to whom the complainant spoke about the offense and because
the complainant's statement to Castillo did not describe the offense. Art. 38.072, § 2(a)(2). Before trial,
appellant moved to suppress the outcry statement on the ground that it was not reliable based on its time,
content, and circumstances. Art. 38.072, § 2(b)(2). The district court found that the outcry statement was
reliable following a hearing outside the jury's presence, a conclusion that appellant does not now challenge. 
Appellant never complained at trial either that Castillo was not the proper outcry witness or that her
testimony was not adequately descriptive. Under the circumstances, this point of error was not preserved. 
Tex. R. App. P. 52(a).

 Even if the point of error were properly before us, it would be without merit. There is no
evidence that Castillo was not the first person eighteen years of age or older to whom the complainant made
a statement describing the charged offenses. The complainant's statement to Castillo set off the chain of
events that resulted in this prosecution, and the medical and psychological testimony previously summarized
was based on interviews with the complainant conducted after her outcry to Castillo. Appellant correctly
points out that article 38.072 has been said to demand "more than a general allusion of sexual abuse." 
Garcia v. State, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). The issue in Garcia was whether the
outcry witness had to be the first adult "to whom the child makes a statement that in some discernible
manner describes the alleged offense." Id. The court answered this question in the negative, holding that
a trial court has the discretion under article 38.072 to admit a later statement describing the offense with
greater clarity and detail. The Garcia court did not hold, however, that a general allusion to sexual abuse
of the sort the complainant made to Castillo was inadmissible under the statute. Point of error one is
overruled.

 Next, appellant contends the district court erroneously admitted extraneous misconduct
evidence. The complainant's older sister testified that on an occasion preceding the charged offenses she
saw appellant "French-kiss" the complainant. "It was open mouth. And I know what I saw because I'm
laying right there directly towards her looking at her." Appellant admits that this testimony would have been
admissible to rebut his testimony denying the charged offenses. He contends, however, that the court erred
by admitting this testimony as part of the State's case in chief, before appellant testified. Cruz v. State, 737
S.W.2d 74, 77-78 (Tex. App.--San Antonio 1987, no pet.); Tex. R. Crim. Evid. 404.

 Whatever the merits of the holding in Cruz, it has been superseded by statute. In a trial
beginning on or after September 1, 1995, for the sexual assault of a child under seventeen years of age,
evidence of other acts committed by the defendant against the victim is admissible to show the state of mind
of the defendant and the previous and subsequent relationship between the defendant and the child. Tex.
Code Crim. Proc. Ann. art. 38.37 (West Supp. 1996). Appellant was tried in February 1996. Point of
error five is overruled.

 Finally, appellant urges that the prosecutor improperly referred to punishment during his
opening statement at the guilt-innocence phase of trial when he said, "We will be asking you . . . to put him
in the penitentiary for a very long time." We agree with appellant that it was improper for the prosecutor
to make this statement when he did. Garcia v. State, 887 S.W.2d 862, 877 (Tex. Crim. App. 1994). 
But because appellant did not object, no error was preserved. Tex. R. App. P. 52(a). Point of error two
is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: November 6, 1996

Do Not Publish



 rubbed herself with the animals and she said
she didn't know." Castillo then asked the complainant, "[W]ho did that to you and she said my dad did." 
About one month later, Castillo had the complainant repeat this statement to her mother.

 Appellant contends Castillo's outcry testimony was inadmissible because the evidence did
not establish that Castillo was the first adult to whom the complainant spoke about the offense and because
the complainant's statement to Castillo did not describe the offense. Art. 38.072, § 2(a)(2). Before trial,
appellant moved to suppress the outcry statement on the ground that it was not reliable based on its time,
content, and circumstances. Art. 38.072, § 2(b)(2). The district court found that the outcry statement was
reliable following a hearing outside the jury's presence, a conclusion that appellant does not now challenge. 
Appellant never complained at trial either that Castillo was not the proper outcry witness or that her
testimony was not adequately descriptive. Under the circumstances, this point of error was not preserved. 
Tex. R. App. P. 52(a).

 Even if the point of error were properly before us, it would be without merit. There is no
evidence that Castillo was not the first person eighteen years of age or older to whom the complainant made
a statement describing the char